[No. 39898-9-I. Division One. October 19, 1998.]

CAROLINE E. CLARK, *Individually and as Guardian, Appellant*, v. JULIE A. FALLING, ET AL., *Respondents*.

*Christopher L. Otorowski* and *Carol N. Johnston* of *Morrow & Otorowski*, for appellant.

*Robert N. Gellatly* of *Helsell, Fetterman, L.L.P.*, for respondents.

Cox, J. — Tolling of the applicable statute of limitations may be accomplished by commencing service by publication within 90 days from the date of filing the complaint.[1] Here, the plaintiff in a personal injury action obtained an order permitting service by publication on the 90th day after filing her complaint. But the first publication of the summons did not occur within the 90-day period. Accordingly,

---

[1]RCW 4.16.170.

we affirm the summary judgment order dismissing the action.

Caroline Clark and Julie Falling were involved in an automobile accident on October 3, 1992. Clark was injured in the accident. After unsuccessfully attempting to settle with Falling's insurance company, Clark filed her summons and complaint in this action on August 9, 1995.

Thereafter, Clark unsuccessfully attempted to serve Falling. On November 7, 1995, she obtained an order permitting service by publication. She attached to her motion an unsigned affidavit stating the actions that she had taken in attempting to serve Falling.

The first publication of the summons was on November 17. This was more than 90 days after the filing of the complaint.

In February 1996, Falling's attorney appeared. In Falling's answer, she asserted the affirmative defenses that Clark's suit was time-barred and that service of process was insufficient due to the unsigned affidavit and other reasons.

Two months later, Clark filed a Confirmation of Joinder of Parties, Claims, and Defenses. Falling also proceeded with discovery relating to the accident and Clark's injuries.

Thereafter, Falling moved for summary judgment. The trial court granted her motion and denied Clark's motion for reconsideration.

Clark appeals.

## I. Summary Judgment

When we review a summary judgment order, we conduct the same inquiry as the trial court.[2] We determine whether any genuine issues of material fact exist and whether the

---

[2]*Mountain Park Homeowners Ass'n v. Tydings*, 125 Wn.2d 337, 341, 883 P.2d 1383 (1994).

moving party is entitled to judgment as a matter of law.[3] We review questions of law de novo.[4]

The statute of limitations for a personal injury action is three years.[5] Here, the statute of limitations accrued on October 3, 1992, the date of the accident. Thus, the statute would have run three years from that date in the absence of the effect of the governing tolling statute.

■ RCW 4.16.170 is the applicable tolling statute here. It provides, in relevant part, that

> [f]or the purpose of tolling any statute of limitations an action shall be deemed commenced when the complaint is filed or summons is served whichever occurs first. *If service has not been had on the defendant prior to the filing of the complaint, the plaintiff shall cause one or more of the defendants to be served personally, or commence service by publication within ninety days from the date of filing the complaint. . . . If following service, the complaint is not so filed, or following filing, service is not so made, the action shall be deemed to not have been commenced for purposes of tolling the statute of limitations.*[6]

Two things are clear from a reading of the above statute. First, if a plaintiff files a complaint without first serving the defendant, that plaintiff must either personally serve the defendant or "commence service by publication" within 90 days of filing the complaint. Second, the failure to accomplish service within the 90-day time limit means that the applicable statute of limitations is not tolled.

■ Because there is no factual dispute as to the dates of the significant events here, we consider first the question of whether the commencement of service by publication

---

[3]CR 56(c).

[4]*Tydings*, 125 Wn.2d at 341.

[5]RCW 4.16.080(2).

[6](Emphasis added.)

was timely under RCW 4.16.170. This is a question of law that we review de novo.[7]

Clark contends that she commenced service by publication under RCW 4.16.170 by obtaining the order permitting such service on November 7. We disagree.

 A statute that is clear on its face is not subject to judicial interpretation.[8] RCW 4.16.170 requires that the plaintiff *commence service by publication* within 90 days. This language is not ambiguous. The statute clearly requires the commencement of actual service, not the steps leading up to commencing service. Thus, obtaining an order authorizing service by publication is not equivalent to commencing service by publication.

 Even if we were to assume that the statute is ambiguous, we conclude that an adoption of Clark's interpretation would defeat the clear intent and purpose of the Legislature. If a statute is subject to judicial interpretation, we will construe it in the manner that best fulfills the legislative purpose and intent.[9] When statutes relate to the same thing or class they are read in pari materia and must be harmonized if possible.[10]

██ First, we must harmonize the language at issue in RCW 4.16.170 with RCW 4.28.110, which also addresses service by publication. The latter statute states, in relevant part, that:

> [t]he publication [of the summons] shall be made in a newspaper of general circulation in the county where the action is brought once a week for six consecutive weeks: PROVIDED, That . . . the service of the summons shall be deemed complete at the expiration of the time prescribed for publication. . . . *The summons shall contain the date of the*

---

[7]*Our Lady of Lourdes Hosp. v. Franklin County*, 120 Wn.2d 439, 443, 842 P.2d 956 (1993).

[8]*In re Marriage of Kovacs*, 121 Wn.2d 795, 804, 854 P.2d 629 (1993).

[9]*Id.* at 804.

[10]*Monroe v. Soliz*, 132 Wn.2d 414, 425, 939 P.2d 205 (1997).

*first publication, and shall require the defendant or defendants*
*upon whom service by publication is desired, to appear and*
*answer the complaint within sixty days from the date of the*
*first publication of the summons . . . .*[11]

The italicized language indicates that for purposes of notifying the defendant, service by publication commences on the date the summons is first published, not when an order authorizing service by publication is entered. Because the underlying purpose of service is to notify the defendant of the action, it would be absurd to interpret "commence service by publication" to refer to the date of entry of an order permitting such service. Such an order does not notify the defendant of the action.

In addition, RCW 4.28.100 refers to service by publication, not service by obtaining an order permitting such service. That statute states, in relevant part, that

> [w]hen the defendant cannot be found within the state, and upon the filing of an affidavit of the plaintiff, his agent, or attorney, with the clerk of the court, stating that he believes that the defendant is not a resident of the state, or cannot be found therein . . . and stating the existence of one of the cases hereinafter specified, the service may be made by publication of the summons . . . .

Service, and therefore notice to the defendant, begins with the publication of the summons.

Finally, Clark's interpretation of RCW 4.16.170 would defeat the purpose of statutes of limitations. Were we to adopt her argument, a plaintiff could obtain an order allowing service by publication and could either never publish or postpone actual publication for years. This could extend a three-year statute of limitations for an indefinite period of time. We hold that service by publication is not commenced until the first date of actual publication of the statutory summons.

Clark argues that if we hold that service by publication

---

[11](Emphasis added.)

commences with actual publication, this would have the effect of dramatically shortening the 90-day period after the filing of the complaint. According to her argument, plaintiffs would be required to attempt personal service immediately in order to permit them to complete the required six weeks of service by publication within 90 days.[12] But she is incorrect. The statutes are quite clear that service by publication commences on the first day the summons is published, not upon the completion of the entire six weeks of publication.

In her reply brief, Clark contends that the propriety of service is resolved by King County Superior Court Local Rule 4.1(d) (KCLR). We do not consider arguments raised for the first time in a reply brief.[13]

At oral argument, Clark argued for the first time that the statute of limitations was tolled because Falling concealed herself.[14] Clark did not make this argument in her briefs on appeal or to the trial court. We therefore do not consider it.[15]

## II. Waiver and Estoppel

Clark also contends that Falling waived the defense of insufficient service of process. She first argues that Falling did so expressly when Clark filed with the trial court a confirmation of joinder stating that "[a]ll parties have been served or have waived service." We disagree.

Waiver is "the intentional abandonment or relinquishment of a known right. It must be shown by unequivocal acts or conduct showing an intent to waive, and the

---

[12]*See* RCW 4.28.110.

[13]*Yakima County (W. Valley) Fire Protection Dist. No. 12 v. City of Yakima*, 122 Wn.2d 371, 397, 858 P.2d 245 (1993).

[14]*See* RCW 4.16.180; *Caouette v. Martinez*, 71 Wn. App. 69, 73-74, 856 P.2d 725 (1993).

[15]RAP 2.5(a), RAP 12.1(a).

conduct must also be inconsistent with any intention other than to waive."[16]

The confirmation of joinder was required in this case by former KCLR 4.2.[17] The rule requires the plaintiff, after conferring with all other parties, to file and serve a confirmation of joinder. The plaintiff must check various boxes on the form asserting certain facts about the status of the case.

Here, Falling asserted the defense of insufficient service of process in her answer. Assuming, without deciding, that she did acquiesce to the statements in the confirmation of joinder, that form at most indicates that Falling was served. Nowhere does it state that service was timely or sufficient. We conclude that Falling did not waive her defense, properly asserted in her answer, when Clark filed the confirmation of joinder.

Clark next argues that Falling waived the defense of insufficient service by participating in discovery on the merits of the case, and by waiting for several months after filing her answer to move for summary judgment. We disagree.

In *Voicelink Data Servs., Inc. v. Datapulse, Inc.*,[18] we were faced with similar arguments. There, the defendant raised the issue of improper venue in its answer. It then proceeded with substantive discovery. It did not move for dismissal based on the venue defense until shortly before the scheduled trial date. We rejected the plaintiff's argument that by conducting discovery on the merits of the case and by waiting until shortly before trial to move for dismissal, the defendant waived the improper venue defense.

Like the improper venue defense at issue in *Voicelink*, the defense of insufficient service of process is addressed by CR 12(h)(1). Once a party asserts this defense

---

[16]*Mid-Town Ltd. Partnership v. Preston*, 69 Wn. App. 227, 233, 848 P.2d 1268, *review denied*, 122 Wn.2d 1006 (1993).

[17]This rule was amended effective September 1, 1997.

[18]86 Wn. App. 613, 937 P.2d 1158 (1997).

under the rule by pleading it in her answer, she does not waive it by proceeding with discovery, even if the discovery is not directly related to the defense.[19]

Further, there is no requirement that a party move for dismissal based on a CR 12(b) defense at any particular time prior to trial, with one exception not relevant to this case. In *French*, our Supreme Court noted that in *Crouch v. Friedman*,[20] the defendant did not move for summary judgment based on the defense of insufficient service until two years after filing his answer.[21] The court further noted that CR 12(b)(5) provides that a party may, but is not required to, ask the court to decide CR 12(b) defenses before trial.[22] It stated that "the rules clearly do not require that all such motions be decided prior to trial."[23]

Clark relies heavily on *Romjue v. Fairchild*.[24] But that case is distinguishable. There is no indication in the opinion that the defendant, Fairchild, asserted the defense of insufficient service of process before participating in discovery. Here, Falling asserted the defense in her answer, prior to commencing discovery. In addition, the court in *Romjue* noted that the defendant indicated to the plaintiff that service was made before the statute of limitations ran, knowing that the plaintiff was relying on the defective service.[25] Here, the statute of limitations ran before service was commenced. Clark could not have remedied the defect at any time after the statute ran.

*Raymond v. Fleming*,[26] another case on which Clark

---

[19]*French v. Gabriel*, 116 Wn.2d 584, 594, 806 P.2d 1234 (1991); *Voicelink*, 86 Wn. App. at 625-26.

[20]51 Wn. App. 731, 754 P.2d 1299 (1988).

[21]*French*, 116 Wn.2d at 594.

[22]*Id*. at 589.

[23]*Id*.

[24]60 Wn. App. 278, 803 P.2d 57, *review denied*, 116 Wn.2d 1026 (1991).

[25]*Id*. at 281-82.

[26]24 Wn. App. 112, 600 P.2d 614 (1979), *review denied*, 93 Wn.2d 1004 (1980).

relies, is also distinguishable. There, the defendant repeatedly requested continuances to file an answer and respond to interrogatories. After doing so, the defendant retained new counsel and claimed that service was invalid. The court held that the defendant had waived that defense. Here, in contrast, Falling filed a timely answer asserting the defense.[27] She sought no continuances.

Clark next claims that Falling was estopped from asserting the defense. To prevail on this argument, Clark must show that she "reasonably relied on an admission, statement, or act" of Falling's that is inconsistent with Falling's assertion of the insufficient service of process defense and would be injured if Falling is permitted to rely on the defense.[28] For the reasons stated below, we conclude that Clark has failed to establish the existence of any genuine issue of material fact regarding estoppel.

First, Clark argues that Falling's conduct following the filing of her answer was inconsistent with the assertion of the insufficient service defense. But as we have noted above, the Civil Rules permit a party to preserve the defense by asserting it in the answer. The assertion of the defense and participation in discovery on other issues are not inconsistent. Because a party is not required to move for dismissal on the defense at any particular time before trial, and the court may defer such a motion until trial, it would be foolish for the defendant to forgo discovery on the merits of the case.

Second, Clark contends that permitting Falling to assert the defense of insufficient service following her conduct during the discovery phase of the case will work a substantial injustice to Clark, who relied on that conduct. But Clark does not indicate how she relied on that conduct. It is clear that the statute of limitations had run by the time discovery began. Therefore, Clark could not have remedied

---

[27]*See French*, 116 Wn.2d at 593.

[28]*See Pacific N.W. Group A v. Pizza Blends, Inc.*, 90 Wn. App. 273, 281, 951 P.2d 826 (1998); *French*, 116 Wn.2d at 594.

any defects in service at that time. We conclude that as a matter of law, Falling was not estopped from asserting the defense of insufficient service of process in her motion for summary judgment.

Because we affirm based on the lack of timely service by publication, we need not reach Clark's remaining arguments regarding the sufficiency of service.

We note that Clark assigns error to the trial court's denial of her motion for reconsideration. But she makes no argument regarding the motion. Accordingly, we do not consider it.[29]

We affirm the summary judgment order.

AGID, A.C.J., and GROSSE, J., concur.

---

[29]*See State v. Olson,* 126 Wn.2d 315, 321, 893 P.2d 629 (1995).