[No. 45831-1-I. Division One. October 16, 2000.]

ALEXANDRIA PARRY, *Appellant*, v. WINDERMERE REAL ESTATE/EAST, INC., *Respondent*.

---

[20] *Id.*

*Roderick T. McCarvel*, for appellant.

*Melanie A. Leary* (of *John W. Demco, P.S., Inc.*), for respondent.

KENNEDY, J. — As King County Local Rule (KCLR) 4.2(a)(2) is currently administered by the King County Superior Court in non-family-law civil cases, a defendant who has timely raised the defense of insufficient service of process does not waive the defense by subsequently signing a confirmation of joinder representing to the court that all parties have been served or have waived service. The confirmation of joinder is not a pleading; rather it is a case-management tool designed to notify the court whether non-family-law civil cases that are governed by case schedules are on track. A given case may be on track, so that no

status conference is necessary, notwithstanding the fact that an affirmative defense regarding insufficient service of process has been timely raised and remains unresolved by the court. We deem it unfortunate that the confirmation of joinder form contained in KCLR 4.2(a)(2) effectively requires a defendant who has timely raised the defense of insufficient service to represent to the court that all parties have been served or have waived service when that is not in fact true. Nevertheless, by signing the form, such a defendant does not intentionally abandon or relinquish a known right. Neither is such a defendant estopped from subsequently seeking summary judgment dismissing the plaintiff's complaint on grounds of insufficient service. Accordingly, we affirm the trial court's grant of summary judgment to Windermere Real Estate/East, Inc., (Windermere/East) dismissing Alexandria Parry's complaint for breach of fiduciary obligations and violation of the Consumer Protection Act, it being undisputed that Parry failed to serve Windermere/East.

## FACTS

Alexandra Parry filed this lawsuit against Windermere/East, claiming that the company breached its fiduciary obligations to her in the course of representing her in the purchase of a home, and in doing so violated the Consumer Protection Act. It is undisputed that Parry failed to serve the summons and complaint on Windermere/East. Instead, she served Windermere Real Estate/Renton, Inc. (Windermere/ Renton), a separate and distinct corporation. Nevertheless, the president of Windermere/Renton sent the documents to Demco Law Firm, P.S., which represented Windermere/East.

Some 60 days later, the Demco Law Firm filed Windermere/East's answer to the complaint, asserting the affirmative defenses of insufficient service of process and lapse of the statute of limitations. On March 30, 1999, Parry's attorney filed a Confirmation of Joinder of Parties,

Claims and Defenses (confirmation of joinder) in accord with KCLR 4.2(a)(2). The confirmation of joinder stated unequivocally: "All parties have been served or have waived service." An attorney at the Demco Law Firm approved the confirmation of joinder for entry before it was filed with the court. The parties proceeded with discovery with respect to the claim that the statute of limitations had lapsed, and other issues in the case.

Thereafter, Windermere/East moved for summary judgment, contending, inter alia, that Parry had failed to properly serve the summons and complaint. In response to the motion, Parry contended, as she does for this appeal, that (1) Windermere/East waived its previously pleaded affirmative defense of insufficiency of service of process when its attorney signed the confirmation of joinder; (2) Windermere/East should be estopped from asserting the defense because Parry reasonably relied on the statement of waiver contained in the confirmation of joinder by proceeding with discovery, mandatory settlement procedures and trial preparation, at considerable expense, and may have been lulled into allowing the statute of limitations to lapse; and (3) Windermere/East should be sanctioned under CR 11 for filing the motion for summary judgment, which, Parry contends, could not be well-grounded in fact or warranted by law in light of the joint statement in the confirmation of joinder that "[a]ll parties have been served or have waived service."

The trial court declined to impose sanctions under CR 11 and granted Windermere/East's motion for summary judgment, dismissing Parry's claims. Parry brought this timely appeal.

## DISCUSSION

██ Summary judgment is available only if the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled

to judgment as a matter of law. CR 56(c). In reviewing a summary judgment order, this court conducts the same inquiry as the trial court. *Mountain Park Homeowners Ass'n v. Tydings*, 125 Wn.2d 337, 341, 883 P.2d 1383 (1994). We review questions of law de novo. *Id.*

 Parry contends that Windermere/East waived the defense of insufficient service of process raised in its answer by subsequently signing a confirmation of joinder stating that "[a]ll parties have been served or have waived service." Waiver is "the intentional abandonment or relinquishment of a known right. It must be shown by unequivocal acts or conduct showing an intent to waive, and the conduct must also be inconsistent with any intention other than to waive." *Mid-Town Ltd. P'ship v. Preston*, 69 Wn. App. 227, 233, 848 P.2d 1268 (1993). Waiver of an insufficient service of process defense can occur "if the defendant's assertion of the defense is inconsistent with the defendant's previous behavior," or if "defendant's counsel has been dilatory in asserting the defense." *Lybbert v. Grant County*, 141 Wn.2d 29, 39, 1 P.3d 1124 (2000) (citing *Romjue v. Fairchild*, 60 Wn. App. 278, 281, 803 P.2d 57 (1991) and *Raymond v. Fleming*, 24 Wn. App. 112, 115, 600 P.2d 614 (1979)). Once a party properly preserves the defense, it is not waived merely by proceeding with discovery, "even if the discovery is not directly related to the defense." *Clark v. Falling*, 92 Wn. App. 805, 813-14, 965 P.2d 644 (1998) (citing *French v. Gabriel*, 116 Wn.2d 584, 594, 806 P.2d 1234 (1991)).

KCLR 4.2(a)(1) provides that no additional parties may be joined and no additional claims or defenses may be raised after the date designated in the case schedule for confirmation of joinder of additional parties, claims and defenses, unless the court orders otherwise for good cause and subject to such conditions as justice requires. KCLR 4.2(a)(2) provides that if all parties do not sign the confirmation of joinder form set forth in the rule by no later than the designated deadline contained in the case schedule order, a status conference shall be held. The confirmation of joinder form contains two alternative sections, each with its own box to be checked.

By checking the first box, all parties signing the form represent to the court that (1) the case is not subject to mandatory arbitration; (2) no additional parties will be joined; (3) all parties have been served or have waived service; (4) all mandatory pleadings have been filed; (5) no additional claims or defenses will be raised; (6) the parties anticipate no problems in meeting the deadlines for disclosing possible witnesses and other subsequent deadlines in the case schedule; and (7) all parties have cooperated in completing the report. If the first box is checked and all parties or their counsel have signed the form, the case status conference contained in the case schedule order will be stricken. KCLR 4.2(a)(2).

By checking the second box, the parties signing the form represent to the court that they cannot join in making the foregoing representations for one or more reasons from a checklist provided in the form—and all applicable boxes in that checklist must be marked—including whether: (1) the case is subject to mandatory arbitration, but not yet ready for the statement of arbitrability to be filed; (2) an additional party will be joined; (3) a party remains to be served; (4) a mandatory pleading remains to be filed; (5) an additional claim or defense will be raised; (6) one or more parties anticipate a problem in meeting certain deadlines in the case schedule; (7) a party has refused to cooperate in preparing the report; and (8) other explanation—in which event lines are provided in which to set forth that explanation. If this second part of the form has been utilized, there must be a status conference as noted in the case scheduling order, at which all parties or their attorneys must appear. KCLR 4.2(a)(2).

Thus, by utilizing the first alternative box on the form, the parties advise the court that the case is on track as required by the case schedule, so that no status conference is needed. By utilizing the second alternative box on the form, the parties advise the court that the case is not on track as required by the case schedule, and disclose the

nature of the problem or problems that have caused the delay in processing the case. A mandatory hearing is then held before a judge, commissioner or special master designated by the presiding judge. KCLR 4.2(a)(4). Failure to be on track in accord with the deadlines contained in the case schedule may result in the imposition of sanctions, including dismissal or terms. KCLR 4(g).

Parry's complaint was filed on July 24, 1998, and Windermere/East filed an answer which raised the defense of insufficient service of process on September 10, 1998, less than two months later. The confirmation of joinder form, with the first box checked and the second box left blank, was timely filed with the court on March 30, 1999. The case was on track as of that date, and there was no need for a status conference.

In *Clark*, this court held that a defendant who has raised the defense of insufficient service of process in a timely fashion does not waive the defense by failing to object to the plaintiff's KCLR 4.2 confirmation of joinder which states that "[a]ll parties have been served or have waived service." While acknowledging our holding in *Clark*, Parry contends that by signing as a party to the confirmation of joinder, rather than merely acquiescing to the plaintiff's representations, Windermere affirmatively waived its previously asserted insufficient service of process defense. The *Clark* court reasoned that acquiescing to the statements in the confirmation of joinder at most indicates that a defendant was served, but says nothing about the sufficiency of the service. *Clark*, 92 Wn. App. at 813. That reasoning may be somewhat problematic when applied to the facts of this case, in that by signing the confirmation of joinder with the first box checked a party represents that it either has been served or has waived service. One might well ask, as Parry has in this appeal, why a defendant who represents to the court that all parties either have been served or have waived service is not thereby representing to the court that any insufficiency there may have been with respect to such service has also been waived. Indeed, Parry argues that by

signing the confirmation of joinder with the first box checked, the parties effectively stipulated in writing that service had been made or waived, as contemplated by CR 2A (under which no agreement or consent between parties or attorneys in respect to the proceedings in a cause will be regarded by the court unless assented to in open court on the record, or entered in the minutes, or evidenced in writing signed by the attorneys denying such agreement or consent).

 Nevertheless, it would defy logic to hold that a party's properly preserved defense is waived merely by signing a form required by local rule for case scheduling and management. Under CR 12(b), the defense of insufficiency of service of process is preserved by assertion in a responsive pleading or by motion. Waiver of the defense is addressed by CR 12(h)(1). Once properly preserved under CR 12, the defense need not be decided before trial. *Clark*, 92 Wn. App. at 814 (citing *French*, 116 Wn.2d at 589). Under CR 83, superior courts can adopt local rules that are not inconsistent with the Rules of Civil Procedure. A local rule that restricts a valuable right granted by a statewide civil rule conflicts with such rule and cannot be given effect. *King County v. Williamson*, 66 Wn. App. 10, 13, 830 P.2d 392 (1992). The preservation of a defense that has been properly raised by timely assertion under CR 12 is a valuable right. Thus, it is questionable whether a party's compliance with KCLR 4.2(a)(2) could properly be construed to restrict the right created by preservation of a defense under CR 12. This potential issue is not before us, however, for as KCLR 4.2(a)(2) is currently administered by the King County Superior Court, a defendant in a civil non-family-law case who has timely raised the defense of insufficiency of service in the answer to the complaint does not waive the defense by checking the first box on the confirmation of joinder form, thereby representing to the court that all parties have been served or have waived service. *See* Michele Coad, *Primer on the Status Conference/Noncompliance Calendar*, KING COUNTY B. ASS'N BULL.,

May 2000 at 8, 21 ("The [individual calendar] judges have agreed that the first box may be checked even if a defendant has raised a defense of improper service in the answer. The defense is not waived by agreeing to a [confirmation of joinder] with the first box checked."); Brian Gain, *Message to Attorneys*, KING COUNTY B. ASS'N BULL., May 2000 at 8 (confirming that Special Master Michele Coad's article describes King County Superior Court's current status conference/non-compliance calendar program, and inviting comments and suggestions on the civil case flow procedures, now that all civil cases are assigned to individual judges rather than to a master calendar).

We adhere to the decision in *Clark*, and extend it to the facts in this case where counsel affirmatively joined in the representations contained in the confirmation of joinder rather than merely acquiescing in them. Windermere/East did not waive its insufficient service of process defense, which was preserved in its answer, by subsequently signing the confirmation of joinder, which is intended to be a case management tool and which is not a pleading and does not constitute a stipulation within the meaning of CR 2A.

Parry also asserts that Windermere/East is estopped from raising the defense of insufficiency of service of process. Much like Parry's waiver claim, Parry's assertion is that Windermere/East's assent without reservation to the confirmation of joinder was inconsistent with its subsequent assertion of insufficient service of process at summary judgment, and that this inconsistent conduct caused harm to her.

Parry must show that she " 'reasonably relied on an admission, statement, or act' " of Windermere/East's "that is inconsistent with [Windermere/East's] assertion of the insufficient service of process defense and [that she] would be injured if [Windermere/East] is permitted to rely on the defense." *Clark*, 92 Wn. App. at 815 (citation omitted).

Parry's estoppel claim fails for the same reason her waiver claim fails. As noted in *Clark*, assenting to a confirmation of joinder and then proceeding to discovery is

not inconsistent with the subsequent assertion of the properly preserved defense of insufficiency of service of process. "Because a party is not required to move for dismissal on the defense at any particular time before trial, and the court may defer such a motion until trial, it would be foolish for the defendant to forgo discovery on the merits of the case." *Id.* It would be equally foolish for the defendant to forego discovery on the statute of limitations defense. Parry thus cannot show an admission, statement, or act that is inconsistent with Windermere/East's assertion of the insufficiency of service defense.

Parry states that her reliance on Windermere/East's approval of the confirmation of joinder resulted in harm to her due to the time and money expended during discovery and because of the possibility that her breach of fiduciary duty claim would be precluded by the lapse of the statute of limitations. As noted above, since signing a confirmation of joinder is not inconsistent with timely assertion of the defense, the time and money Parry expended in trial preparation does not amount to a harm for purposes of estoppel. In addition, Parry's contention that her claim might have been cut off by operation of the statute of limitations does not amount to an articulable harm. Indeed, part of the purpose of taking the depositions was to determine whether Parry's claim had survived the statute of limitations. It follows that Parry cannot rely on discovery with respect to that defense, to prove a harm supporting estoppel.

█ Parry next asserts that the trial court abused its discretion by declining to impose CR 11 sanctions on Windermere/East for filing a motion for summary judgment based in part on the defense of insufficient service of process. This court reviews a trial court's denial of CR 11 sanctions under the abuse of discretion standard. *Brin v. Stutzman,* 89 Wn. App. 809, 827, 951 P.2d 291, *review denied,* 136 Wn.2d 1004 (1998). Imposition of CR 11 sanctions may be warranted if a party files a motion "for any improper purpose, such as to harass or to cause unneces-

sary delay or needless increase in the cost of litigation." CR 11. However, Windermere/East's motion for summary judgment based in part on insufficient service of process was well grounded in fact and warranted by existing law. Because Windermere/East did not waive its insufficiency of service of process defense, it follows that the trial court did not abuse its discretion by declining to impose CR 11 sanctions on Windermere/East for moving for summary judgment.

■ Although we affirm the trial court's ruling, this is not to say that we have no sympathy for Parry's predicament. Indeed, as noted by Special Master Michele Coad: "Currently the [confirmation of joinder] *form* indicates that the second box must be checked if there are service issues raised in the answer to the complaint. However the [individual calendar] judges are not enforcing the form[.]" *Primer on the Status Conference / Noncompliance Calendar*, *supra*, at 21. Indeed, Special Master Coad noted at the outset of the article, it was written "to clarify common misconceptions" and to inform readers about the policies of the presiding department with respect to matters covered in the article. *Id.* at 8. It seems safe to assume, therefore, that Parry and her counsel are not the only persons to have been misled by the form with respect to whether a defendant in a civil non-family-law case having previously asserted a claim of insufficiency of service has waived the alleged insufficiency by joining in the confirmation of joinder with the first box checked. We deem it unfortunate that the local rule itself, within the body of the form or elsewhere in the body of the rule does not clarify the policies of the presiding department with respect to the meaning of the form in non-family-law civil cases. Ideally, the meaning of a rule should be apparent on the face of the rule or in the body of a form prescribed by the rule, or both. Our concern is compounded when we also note from Coad's article that the form prescribed in subsection (b) of KCLR 4.2 relating to family law cases *does* mean what it says—if improper service is raised in family law cases, a party may not check

the first box on the confirmation of issues form representing that all parties have been served or have waived service when in fact they have not. Instead, the second box must be checked, indicating that a party remains to be served. Coad, *supra*, at 21 ("If improper service is raised in domestic cases, that issue must be resolved by motion or new service prior to checking off the first box on the [confirmation of issues form].").

Where a form prescribed by a rule does not mean what it says, at least not as the rule is currently enforced, this is tantamount to an *unwritten* local rule of the sort that can easily entrap out-of-county counsel, pro se litigants and others who may not be familiar with such unwritten rules of a particular jurisdiction. Thus, notwithstanding this court's ruling in *Clark*, which came down a year before the confirmation of joinder in this case, it is difficult for us to conclude that Parry and her counsel did not reasonably rely on the fact that Windermere/East's counsel signed the confirmation form thereby seemingly waiving the previously asserted defense of insufficiency of service of process. It is laudable that Presiding Judge Gain caused Michele Coad's article to be published in the King County Bar Association's Bar Bulletin, albeit after the fact in terms of the misperceptions of Parry and her counsel, and perhaps to no avail for out-of-county counsel and pro se litigants who may not subscribe to the Bar Bulletin. A better solution would be to amend the local rule so that it says what it means, or to enforce the rule in such a manner that it means what it says—thereby squarely presenting the question of whether the rule can be enforced as written consistent with CR 83.

Although we agree with Special Master Coad that the form here at issue is misleading in light of the fact that it is not being enforced, this does not change our ruling. Windermere/East was not properly served with Parry's summons and complaint, and properly raised the defense of insufficiency of service in its answer in accord with the provisions of CR 12. The case was on track vis-à-vis the case

schedule order when Windermere/East's counsel was called upon to sign the confirmation of joinder form with the first box checked; therefore, no status conference was required. Windermere/East's counsel signed the confirmation of joinder form with the blessing, as it were, of the judges of the King County Superior Court—thereby representing that all parties had been served or had waived service when that was not in fact true. KCLR 4.2 is a case-management tool, not a substantive pleading and there remains a serious question as yet unresolved whether the form contained in KCLR 4.2(a)(2) could properly be treated as a waiver of a previously asserted and properly preserved defense in any event, even if it were currently being so construed in King County Superior Court, which it is not. By signing the form with the first box checked, Windermere/East's counsel did not intentionally abandon or relinquish a known right, and was not estopped from asserting the defense in its motion for summary judgment because signing the form was not inconsistent with the affirmative defense raised in its answer nor with the fact that it proceeded with discovery with respect to the merits of the case or the defense of lapse of the statute of limitations, nor with its subsequent motion for summary judgment seeking a ruling on the sufficiency of service of process. Thus, even if Parry reasonably relied on the waiver statement contained in the confirmation of joinder form, summary judgment in Windermere/East's favor was proper.

Accordingly, we affirm the trial court's dismissal of Parry's complaint by way of summary judgment.

BECKER, A.C.J., and BAKER, J., concur.

Reconsideration denied November 30, 2000.
Review denied at 143 Wn.2d 1015 (2001).