34 P.3d 902 (2001)
109 Wash.App. 263
Linda LUND and Robert Lund, husband and wife, individually and the marital community composed thereof, Respondents,
v.
Steve BENHAM and Jane Doe Benham, husband and wife, individually and the marital community composed thereof, Petitioners.
No. 19743-3-III.
Court of Appeals of Washington, Division 3, Panel Eight.
November 20, 2001.
*903 Steven M. Cronin, Mullin, Cronin, Casey & Blair, Spokane, Counsel for Appellants.
Lloyd A. Herman, Lloyd A. Herman & Associates, P.S., Spokane, Counsel for Respondents.
BROWN, J.
Linda Lund and Robert Lund (Ms. Lund) filed suit against Steve Benham and Jane Doe Benham (Mr. Benham), which triggered a 90-day tolling period to the statute of limitations for perfecting service of process. Ms. Lund obtained an order to publish the summons. Eight days after the 90-day tolling period had expired, a local newspaper published the summons. The trial court denied Mr. Benham's summary judgment motion to dismiss and motion to reconsider. This court granted discretionary review. Because the service was untimely, we reverse and remand for entry of an order granting summary judgment of dismissal.

FACTS
On April 11, 2000, Ms. Lund filed a summons and complaint against Mr. Benham in connection with a May 22, 1997 motor vehicle accident. On July 10, 2000, Ms. Lund filed affidavits alleging she had been unable to locate Mr. Benham within the state of Washington along with a motion to publish and, on that date, obtained and filed an order to publish the summons. On July 12, Ms. Lund mailed a copy of the summons and complaint to the Secretary of State for service pursuant to the nonresident motorist statute, RCW 46.64.040. The Valley News Herald, a weekly newspaper, published the summons from July 19, 2000 to August 23, 2000.
On August 11, 2000, Mr. Benham filed a declaration indicating he was a resident of the state of Washington at all relevant times. On that same date, Mr. Benham filed a motion for summary judgment. Mr. Benham argued the nonresident motorist statute did not apply and therefore he had not been timely served in conformity to the statute of limitations. The trial court denied Mr. Benham's summary judgment motion, reasoning that while the nonresident motorist statute did not apply, service by publication was proper. The trial court further authorized Mr. Benham to renew his summary judgment motion with regard to proper service.
Mr. Benham filed a motion for reconsideration, arguing Ms. Lund failed to publish the summons within the 90-day tolling period set forth in RCW 4.16.170. Ms. Lund filed a cross-motion for reconsideration with regard to the nonresident motorist statute. The trial court denied both motions.
Mr. Benham appealed and we granted discretionary review.

ANALYSIS
The issue is whether the trial court erred in denying Mr. Benham's summary judgment motion to dismiss and motion to reconsider, and concluding the service by publication was proper. Mr. Benham contends service was untimely because actual publication did not occur until after the statutory tolling period had expired. Although additional arguments were made below, now Ms. Lund argues publication of service commenced upon the filing of affidavits supporting publication.
We review a trial court's denial of a motion for reconsideration for a manifest abuse of discretion. Wagner Dev. Inc. v. Fidelity & Deposit Co. of Maryland, 95 Wash.App. 896, 906, 977 P.2d 639, review denied, 139 Wash.2d 1005, 989 P.2d 1139 (1999). "A trial court abuses its discretion when it exercises it in a manifestly unreasonable manner or bases it upon untenable grounds or reasons." Id.
With respect to the summary judgment order, "we conduct the same inquiry as the trial court." Clark v. Falling, 92 Wash. App. 805, 808, 965 P.2d 644 (1998) (citing Mountain Park Homeowners Ass'n v. Tydings, 125 Wash.2d 337, 341, 883 P.2d 1383 (1994)). "We determine whether any genuine issues of material fact exist and whether *904 the moving party is entitled to judgment as a matter of law." Clark, 92 Wash.App. at 808-09, 965 P.2d 644 (citing CR 56(c)).
There is no factual dispute as to the relevant dates. Accordingly, this issue turns on the interplay of a number of procedural statutes pertaining to periods of limitation and service by publication. The choice, interpretation, and application of statutes are matters of law reviewed de novo. State v. Johnson, 96 Wash.App. 813, 816, 981 P.2d 25 (1999); Clark, 92 Wash.App. at 809-10, 965 P.2d 644.
Ms. Lund's action accrued on May 22, 1997, the date of her accident with Mr. Benham. RCW 4.16.005. Accordingly, absent an applicable tolling statute, Ms. Lund was required to commence her action within three years of the accident. RCW 4.16.080(2). The tolling statute applicable here partly states:
For the purpose of tolling any statute of limitations an action shall be deemed commenced when the complaint is filed or summons is served whichever occurs first. If service has not been had on the defendant prior to the filing of the complaint, the plaintiff shall cause one or more of the defendants to be served personally, or commence service by publication within ninety days from the date of filing the complaint.... If ... service is not so made, the action shall be deemed to not have been commenced for purposes of tolling the statute of limitations.

RCW 4.16.170. See also Clark, 92 Wash. App. at 809, 965 P.2d 644.
Division One of this court interpreted RCW 4.16.170 thus:
Two things are clear from a reading of the above statute. First, if a plaintiff files a complaint without first serving the defendant, that plaintiff must either personally serve the defendant or "commence service by publication" within 90 days of filing the complaint. Second, the failure to accomplish service within the 90-day time limit means that the applicable statute of limitations is not tolled.
Clark, 92 Wash.App. at 809, 965 P.2d 644.
Here, Ms. Lund filed her summons and complaint on April 11, 2000, before she served Mr. Benham, whom she had been unable to locate. Accordingly, Ms. Lund was required to "commence service by publication" within the next 90 days. RCW 4.16.170. On July 10, she filed the necessary affidavits and obtained an order authorizing service by publication. Actual publication did not commence until July 19.
Ms. Lund contended earlier that obtaining the order authorizing publication was sufficient to commence publication. The Clark court rejected an identical argument, relying on the following interpretation of the plain language of the statute:
RCW 4.16.170 requires that the plaintiff commence service by publication within 90 days. This language is not ambiguous. The statute clearly requires the commencement of actual service, not the steps leading up to commencing service. Thus, obtaining an order authorizing service by publication is not equivalent to commencing service by publication.
Clark, 92 Wash.App. at 810, 965 P.2d 644.
Although the Clark court deemed RCW 4.16.170 to be unambiguous, it went on to construe the statute as if it were ambiguous and arrived at the same result. Id. at 810-11, 965 P.2d 644. The Clark court noted that RCW 4.28.110, the statute governing the form of publication, requires the published summons to state the date of the first publication and to direct the defendant to respond within 60 days from that date of first publication. Id. at 810-11, 965 P.2d 644. Accordingly, the Clark court reasoned:
[RCW 4.28.110] indicates that for purposes of notifying the defendant, service by publication commences on the date the summons is first published, not when an order authorizing service by publication is entered. Because the underlying purpose of service is to notify the defendant of the action, it would be absurd to interpret "commence service by publication" to refer to the date of entry of an order permitting such service. Such an order does not notify the defendant of the action.
Id. at 811, 965 P.2d 644.
Additionally, the Clark court noted, "RCW 4.28.100 refers to service by publication, *905 not service by obtaining an order permitting such service." Id. The Clark court further observed that RCW 4.28.100 provides for filing of an affidavit alleging the plaintiff's failure to locate the defendant within the state as a predicate to effectuating service by publication of the summons. Id. Consequently, the Clark court reasoned that "[s]ervice, and therefore notice to the defendant, begins with the publication of the summons." Id.
Moreover, the Clark court observed that the appellant's "interpretation of RCW 4.16.170 would defeat the purpose of the statutes of limitations." Id.
Were we to adopt her argument, the plaintiff could obtain an order allowing service by publication and could either never publish or postpone actual publication for years. This could extend a three-year statute of limitations for an indefinite period of time. We hold that service by publication is not commenced until the first date of actual publication of the statutory summons.
Id. We hold that Clark, if not controlling, is well-reasoned, persuasive, and applicable.
Ms. Lund acknowledges an order authorizing publication will not suffice. She argues all that is required to commence service by publication is the affidavit authorized under RCW 4.28.100. The Clark court rejected a similar argument; like the order authorizing publication, the RCW 4.28.100 affidavit is nothing more than a preparatory step to publication. Clark, 92 Wash.App. at 810, 965 P.2d 644. The plaintiff must commence service by publication; she does not effectuate service by commencing preparatory steps to publication. Id.
Further, service by publication commences solely upon the first date of publication. RCW 4.28.110; Clark, 92 Wash.App. at 810, 965 P.2d 644. Under Ms. Lund's interpretation of RCW 4.16.170, the potential problem remains of a plaintiff filing the RCW 4.28.100 affidavit and then failing to publish or postponing publication for an indefinite time. Clark, 92 Wash.App. at 811, 965 P.2d 644. Such an interpretation is at odds with both the plain language and underlying purpose of RCW 4.16.170. Id. at 810-11, 965 P.2d 644. Accordingly, Ms. Lund's argument on this point fails.
Ms. Lund also argues King County Local Rule 4.1(d) favors her interpretation of RCW 4.16.170. King County Local Rule 4.1(d) states:
If a defendant or respondent is being served by publication, the defendant or respondent shall be deemed "served," within the meaning of this rule only, when all arrangements have been made for publication, except for the publication itself.
The Clark court also rejected this argument as untimely. Clark, 92 Wash.App. at 812, 965 P.2d 644. In any event, Ms. Lund's contention is inapposite as Spokane County has no equivalent to King County Local Rule 4.1(d).
Ms. Lund next points out that Black's Law Dictionary defines "commence" to mean "[t]o initiate by performing the first act. To institute or start." BLACK'S LAW DICTIONARY 243 (5th Ed.1979). But this useful definition is of no help to Ms. Lund; she confuses commencing publication with commencing service by publication. To commence service by publication, the plaintiff initiates a weekly series of publications for a six-week period. RCW 4.28.110. Service is initiated on the first date of publication and completed upon the last date of publication. Id.
Ms. Lund next argues Broad v. Mannesmann, 141 Wash.2d 670, 10 P.3d 371 (2000), effectively overrules Clark. Broad addressed the interaction of Washington's tolling statute with the Hague Convention, an international treaty establishing procedures for effectuating service of process in foreign states. Broad, 141 Wash.2d at 674, 10 P.3d 371. The Supreme Court, recognizing the difficulty plaintiffs face in attempting timely service through the central authorities of foreign governments, carved out a narrow extension to the statutory tolling period. Id. at 682-84, 10 P.3d 371. Because a plaintiff lacks control over the timing of service once the necessary documents are transmitted to the designated central authority, the statute of limitations is tolled "once the necessary documents are sent to the central authority, provided they are transmitted within the 90-day *906 period of RCW 4.16.170." Id. at 683-84, 10 P.3d 371.
Relying on Broad, Ms. Lund argues she faces a situation analogous to that of plaintiffs trying to effectuate service abroad. Hence, according to Ms. Lund, she perfected service when she submitted her summons to the Valley News Herald before the 90 day deadline expired. Ms. Lund's novel argument is unpersuasive. Broad is easily distinguishable from Clark; a plaintiff submitting a summons for publication in a local newspaper faces nothing like the uncertainty confronting a plaintiff transmitting a summons to the central authority of a far-flung nation-state.
Ms. Lund's contention that she loses control of the date of publication when she conveys the summons to the Valley News Herald is unconvincing. The plaintiff relying on the Valley News Herald or some other local newspaper can easily ascertain the prospective publication date. Indeed, a small community paper such as the Valley News Herald, which derives much of its business from publishing legal notices, would surely not long survive if it were unable to publish a summons by a specified date. And RCW 4.28.110 aids in this regard by requiring the published summons to contain the first date of publication. See Clark, 92 Wash.App. at 810-11, 965 P.2d 644 (quoting statute).
Finally, Ms. Lund argues the Valley News Herald is a weekly paper, and thus it is unreasonable to expect her to publish the summons within the 90 day tolling period. We disagree. Ms. Lund could easily submit her summons earlier or switch to a daily newspaper potentially capable of rendering swifter publication.

CONCLUSION
We hold the trial court lacked a tenable reason for denying both Mr. Benham's motion for summary judgment and his motion for reconsideration. Ms. Lund failed to serve Mr. Benham by publication within the required 90 days. See Clark, 92 Wash. App. at 811-12, 965 P.2d 644. The trial court should have granted Mr. Benham's summary judgment motion. See id. at 808, 965 P.2d 644. Accordingly, the trial court abused its discretion when it denied Mr. Benham's motion for reconsideration.
Reversed and remanded for entry of an order granting summary judgment of dismissal.
KURTZ, C.J. and SWEENEY, J., concur.