# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| JUAN ORTEGA , | No. 83648-0-I |
| Appellant, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| JOHN AND JANE DOE MILLER, | |
| Respondent. | |

ANDRUS, C.J. — Juan Ortega appeals the dismissal of his personal injury action based on the failure to effect service within the applicable statute of limitations or the 90-day tolling period. Ortega contends the trial court erred in dismissing his complaint because extenuating circumstances beyond his control prevented service. We affirm.

## FACTS

The following procedural facts are undisputed. Seeking to recover damages sustained in an automobile accident that took place on August 14, 2018[1],

---

[1] Ortega's complaint states that the collision occurred on a different date, April 14, 2018. It is apparent from the parties' briefing, however, that the parties agree the accident occurred four months later, on August 14, 2018. For purposes of this opinion, we assume that "April," as set forth in the complaint, is a typographical error and that, as the parties acknowledge, Ortega's complaint was filed before the three-year statute of limitations expired. If the accident occurred in April, Ortega's lawsuit filed in August 2021 would have been barred by the statute of limitations regardless of whether he complied with RCW 4.16.170 by later serving the defendants within 90 days of filing the complaint.

Citations and pin cites are based on the Westlaw online version of the cited material.

Juan Ortega filed suit in Snohomish County Superior Court against John and Micki Miller[2] (the Millers) on August 13, 2021. On October 19, 2021, counsel filed a notice of appearance on behalf of the Millers, "without waiving objections as to improper service or jurisdiction."

Ortega retained ABC Legal Services (ABC) to serve process, and on November 15, 2021, a process server personally delivered a copy of the summons and complaint to John Miller at his residence. The next day, the Millers filed a motion to dismiss Ortega's complaint for lack of personal jurisdiction, insufficient process, and insufficient service of process. See CR 12(b)(2), (4), and (5). The Millers asserted that Ortega failed to accomplish proper service of process within 90 days of filing the lawsuit, as the tolling provision, RCW 4.16.170, requires. The Millers contended Ortega's lawsuit was, therefore, barred by the three-year statute of limitations applicable to personal injury actions.

In response, Ortega provided a printed copy of messages sent through ABC's online messaging system indicating that ABC received Ortega's request to initiate service on November 4, 2021. According to that document, Ortega's attorney contacted ABC on November 15, 2021, after learning that service of process had not yet occurred. An ABC employee explained that due to a family emergency, the assigned process server had been unable to effect timely service. A few hours after that November 15 exchange, an ABC process server successfully served the Millers.

---

[2] While the complaint identifies the defendants as "John and Jane Doe Miller," we refer to them in accordance with the respondents' briefing and documents filed below by the Millers.

2

Ortega explained that when he initially contacted ABC, he assumed, based on "their contract and expectations," that ABC would serve the Millers "within 4-6 days." He later learned that the "the person responsible for service in that area was on bereavement leave for 10 days."[3] Ortega argued that these "extenuating circumstances" prevented the dismissal of his lawsuit. In a later filing, counsel explained that he did not become aware of ABC's omission until November 15 because he travelled out of state for a wedding the previous week.

The trial court denied the Millers' motion to dismiss without prejudice, concluding that Ortega "at this time [has] shown extenuating circumstances so as to prevent dismissal."

The Millers sought reconsideration. They contended there was no established legal basis to toll the statute of limitations due to "extenuating circumstances." And even if legal authority supported tolling on that ground, the Millers argued that the process server's unavailability for a 10-day period in November 2021 did not prevent Ortega from accomplishing service of process within 90 days, given that he waited almost three months before contacting ABC and failed to exercise due diligence after engaging ABC, despite knowing that the deadline for service was approaching. In response, Ortega maintained that tolling the statute of limitations was appropriate because he could not have foreseen the emergency or that ABC would not have another employee available to fulfill its obligation.

---

[3] According to Ortega's counsel, an ABC employee verbally informed him of the nature of the family emergency.

3

The trial court granted reconsideration and dismissed Ortega's complaint with prejudice. Ortega appeals.[4]

ANALYSIS

The statute of limitations required Ortega to commence his personal injury action "within three years" from the date of the injury. RCW 4.16.080. An action is usually commenced by the service of a summons and complaint, or by filing a complaint. CR 3(a). But an action "shall not be deemed commenced for the purpose of tolling any statute of limitations except as provided in RCW 4.16.170." CR 3(a).

RCW 4.16.170 is a "tentative commencement" provision. *Kramer v. J.I. Case Mfg. Co.*, 62 Wn. App. 544, 548, 815 P.2d 798 (1991). Filing a complaint before the limitations period expires is one way for a party to tentatively commence an action, but the action will not survive the statute of limitations unless the plaintiff accomplishes service of process within 90 days of filing the complaint:

> For the purpose of tolling any statute of limitations an action shall be deemed commenced when the complaint is filed or summons is served whichever occurs first. <u>If service has not been had on the defendant prior to the filing of the complaint, the plaintiff shall cause one or more of the defendants to be served personally, or commence service by publication within ninety days from the date of filing the complaint</u>. If the action is commenced by service on

---

[4] The Millers move to strike all aspects of Ortega's briefing that are not compliant with the Rules of Appellate Procedure that require precise assignments of error and issues pertaining to the assignments, citations to the record to support assertions of fact, and citation to pertinent authority to support legal arguments. *See* RAP 10.3(a)(4), (5), (6). And, contending that all of Ortega's factual and legal assertions should be stricken on this basis, they seek dismissal of Ortega's appeal. While we recognize that Ortega's briefing fails to comply with the rules in significant respects, the issue before the trial court was discrete, there is a limited record on review, Ortega's appellate briefing is sufficient to apprise us of the substance of his claim, and it does not appear that the deficiencies in the briefing impaired the Millers' ability to respond. Given these circumstances, we decline to resolve the appeal based noncompliance with the procedural rules. *See* RAP 1.2(a) ("Cases and issues will not be determined on the basis of compliance or noncompliance with these rules except in compelling circumstances where justice demands.").

> one or more of the defendants or by publication, the plaintiff shall file the summons and complaint within ninety days from the date of service. If following service, the complaint is not so filed, or following filing, service is not so made, the action shall be deemed to not have been commenced for purposes of tolling the statute of limitations.

RCW 4.16.170 (emphasis added).

Ortega timely filed a summons and complaint on August 13, 2021, before the statute of limitations ran. But to toll the statute of limitations under RCW 4.16.170, Ortega had to serve the Millers by November 11, 2021. Ortega acknowledges his failure to do so. Nonetheless, he contends that the trial court had discretion to toll the statute of limitations beyond 90 days and should have exercised its discretion to do so here because the process server's family emergency was an "unforeseen event" and it was reasonable to delay his engagement of ABC because of ongoing negotiations with the defendants' insurer. He claims the trial court erred in dismissing his complaint.

The standard of review here is de novo. *See Goettemoeller v. Twist*, 161 Wn. App. 103, 107, 253 P.3d 405 (2011) (reviewing sufficiency of service de novo); *Clark v. Falling*, 92 Wn. App. 805, 809-810, 965 P.2d 644 (1998) (reviewing de novo whether action timely commenced under RCW 4.16.170).

Although Ortega does not mention the specific, potentially applicable legal doctrine, he essentially argues that he was entitled to equitable tolling of the statute of limitations because he was not at fault for the untimely service. Courts may equitably toll the statute of limitations when justice requires. *City of Bellevue v. Benyaminov*, 144 Wn. App. 755, 760, 183 P.3d 1127 (2008). Equitable tolling of the statute of limitations is an "extraordinary form of relief." *Fowler v. Guerin*, 200

5

Wn.2d 110, 118, 515 P.3d 502 (2022). This is so because statutes of limitation reinforce finality and settled expectations, and serve to protect defendants, as well as courts, from burdens associated with the litigation of stale claims. *Id*. That being the case, Washington law allows equitable tolling of a statute of limitations in a civil case only under the following conditions: "(1) the plaintiff has exercised diligence, (2) the defendant's bad faith, false assurances, or deception has interfered with the plaintiff's diligent efforts, (3) tolling is consistent with (a) the purpose of the underlying statute and (b) the purpose of the statute of limitations, and (4) justice requires tolling the statute of limitations." *Id*. at 113, citing *Millay v. Cam*, 135 Wn.2d 193, 206, 955 P.2d 791 (1998).

But beyond alleging diligence on his part, Ortega does not address the relevant considerations. And Ortega was arguably not sufficiently diligent when he waited to arrange for service until the week before the 90-day period expired and, it appears, neither informed ABC of the correct deadline nor attempted to confirm whether service had occurred until that deadline had passed.[5] There is nothing in the record to suggest bad faith, false assurance, or deception on the part of the defendants. Ortega does not explain why equitable tolling based on unforeseen circumstances unrelated to the defendant's conduct is consistent with the policies underlying statutes of limitation. The circumstances here did not warrant equitable tolling of the statute of limitations.

Insofar as Ortega suggests the trial court was required to allow oral argument on the motion to reconsider and/or enter findings to support its ruling,

---

[5] It appears that Ortega's counsel informed ABC that the summons and complaint had to be served by November 13 "or by today."

nothing in CR 59, which governs the procedure and standards for motions for reconsideration, supports his argument. *See also* Snohomish County Local Civil Rule (SCLCR) 59(B) (oral argument scheduled for motions for reconsideration only upon the court's request). CR 59 does not require the trial court to specify reasons for granting or denying reconsideration; it requires a statement of reasons only when the court grants a motion for new trial, which did not occur here. *See* CR 59(f). "Motions for reconsideration are addressed to the sound discretion of the trial court and a reviewing court will not reverse a trial court's ruling absent a showing of manifest abuse of discretion." *Wilcox v. Lexington Eye Inst.*, 130 Wn. App. 234, 241, 122 P.3d 729 (2005).

Because Ortega did not serve the summons and complaint within the applicable statute of limitations or 90-day tolling period, and equitable tolling was not warranted, we conclude the trial court properly exercised its discretion in granting the Millers' motion for reconsideration and did not err in dismissing the complaint. *See* CR 59((a)(7) (reconsideration warranted where no evidence or reasonable inference from the evidence justifies the decision or decision is contrary to law).

Affirmed.

_____
Andrus, C.J.

WE CONCUR:

_____        _____
Coburn, J.                                            Chung, J.

7