

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| CRAIG BRAZELL, an individual; | ) | |
| CCB DISTRIBUTING, LLC, a | ) | No. 39837-4-III |
| Washington Limited Liability Company, | ) | |
| | ) | |
| Respondents, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| JAMES SNODGRASS, an individual; | ) | |
| NEXUS ONE, LLC, a Washington | ) | |
| Limited Liability Company, | ) | |
| | ) | |
| Appellants. | ) | |

COONEY, J. — James Snodgrass and Nexus One, LLC, (collectively, "Mr. Snodgrass") appeal the trial court's denial of his motion for reconsideration. We dismiss his appeal as untimely.

## BACKGROUND

Craig Brazell and CCB Distributing, LLC, (collectively, "Mr. Brazell") filed suit against Mr. Snodgrass seeking declaratory relief, dissociation, breach of fiduciary duty,

judicial dissolution, and an injunction. Thereafter, the parties reached a settlement, formalized under "CR2A" (Agreement). Clerk's Papers (CP) at 220-22. The Agreement provided that "any dispute as to the terms of his agreement . . . shall be subject to mandatory arbitration." CP at 222.

Mr. Brazell later alleged that Mr. Snodgrass had breached the Agreement and moved to compel arbitration. Arbitration was held, resulting in an award in favor of Mr. Brazell. Mr. Brazell then moved for an order confirming the arbitration award. The superior court granted the motion and entered an order confirming the arbitration award on April 28, 2023.

Mr. Snodgrass e-mailed a "Motion for Reconsideration with Exhibits" to the Benton County Superior Court administrator on May 8, 2023. CP at 118. However, he "failed to timely file the Motion for Reconsideration." *Id*. Nevertheless, the superior court "exercise[d] its discretion and consider[ed] the Defendant's Motion for Reconsideration." *Id*. The superior court subsequently denied Mr. Snodgrass' motion in a 22-page letter decision dated June 5, 2023. On June 22, 2023, Mr. Snodgrass filed a notice of appeal, challenging the superior court's denial of his motion for reconsideration.

ANALYSIS

A motion for reconsideration is addressed at the sound discretion of the trial court, and will not be reversed absent a showing of manifest abuse of discretion. *Lund v. Benham*, 109 Wn. App. 263, 266, 34 P.3d 902 (2001). An abuse of discretion occurs

when the trial court's decision rests on untenable grounds or untenable reasons. *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971).

The RAPs provide that a notice of appeal must be filed within 30 days after entry of the decision the appellant wants reviewed or 30 days after entry of an order deciding a timely motion for reconsideration of the decision the appellant wants reviewed. RAP 5.2(a), (e). Under CR 59(b), a motion for "reconsideration shall be filed not later than 10 days after the entry of the judgment, order, or other decision." In general, the word "shall" imposes a mandatory requirement. *Erection Co. v. Dep't of Labor & Indus.*, 121 Wn.2d 513, 518, 852 P.2d 288 (1993). Consequently, a trial court lacks the authority to extend the time period for filing a motion for reconsideration. *Metz v. Sarandos*, 91 Wn. App. 357, 360, 957 P.2d 795 (1998).

Here, Mr. Snodgrass did not appeal the April 28 order confirming the arbitration award. Instead, he e-mailed a CR 59 motion for reconsideration to the court administrator. For this court to reach the merits of Mr. Snodgrass' appeal, his CR 59 motion must have been timely filed. It was not.

First, Mr. Snodgrass does not challenge the superior court's finding that his motion for reconsideration was untimely. This finding is a verity on appeal. *In re Welfare of A.L.C.*, 8 Wn. App. 2d 864, 871, 439 P.3d 694 (2019). Second, the record lacks any indication that Mr. Snodgrass filed his motion with the clerk of the court within 10 days of the court's order confirming the arbitration award. Because Mr. Snodgrass'

No. 39837-4-III
*Brazell v. Snodgrass*

motion for reconsideration was untimely, the trial court abused its discretion in reconsidering its April 28 order and judgment.

The commencement date for Mr. Snodgrass to initiate an appeal was April 28, 2023. His appeal was not filed until June 22, 2023, well beyond the 30-day time limitation. We therefore dismiss this appeal as untimely.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Cooney, J.

WE CONCUR:

_____
Lawrence-Berrey, C.J.

_____
Staab, J.

4