[No. 17119-1-III.　Division Three.　July 27, 1999.]

THE STATE OF WASHINGTON, *Respondent*, v. CHARLES A. JOHNSON, *Appellant*.

814

*Dennis C. Cronin* of *Maxey Law Office, P.S.*, for appellant.

*James R. Sweetser, Prosecuting Attorney*, and *Kevin M. Korsmo, Deputy*, for respondent.

BROWN, J. — Charles A. Johnson was convicted on his guilty plea of attempted first degree assault. The order setting the restitution hearing was entered more than 180 days after sentencing, exceeding the limit provided in RCW 9.94A.142(1). The trial judge found good cause to continue the hearing and set restitution. Mr. Johnson, disputing good cause, appealed. We decide the trial court acted without statutory authority. Additionally, inadvertence or attorney oversight does not establish good cause under RCW 9.94A.142(1). Harmless error is inapplicable even without a showing of prejudice to Mr. Johnson. Accordingly, we reverse and vacate the restitution order.

FACTS

At sentencing on March 31, 1997, a restitution hearing was ordered to be set within 30 days. It was not. No agreement or stipulation regarding restitution is before us. Mr.

Johnson did not waive his right to be present at the restitution hearing. Mr. Johnson was at some point sent to the Shelton Correction Facility. On July 15, 1997, the court ordered Mr. Johnson be transported back to Spokane "as soon as possible." No date for hearing was set. Mr. Johnson was not returned to Spokane pursuant to the July 15 order. The record is thereafter silent until September 30, 1997, 183 days after sentencing. Then, the trial court entered another transportation order and set a restitution hearing for November 21, 1997.

At the scheduled restitution hearing, 235 days after sentencing, Mr. Johnson's counsel argued the delay violated the 180-day limit set in RCW 9.94A.142(1). The court, however, concluded good cause existed for the delay. The court found it was beyond the prosecutor's control to obtain Mr. Johnson's presence at an earlier date. It then entered a restitution schedule, ordering Mr. Johnson to pay $12,631.83 to the Crime Victim's Compensation Program and $22,230.22 to the Department of the Air Force. Mr. Johnson appealed.

ANALYSIS
A. Statutory Authority

The issue is whether the trial court erred by exceeding its statutory authority when ordering a restitution hearing beyond the 180-day limit set in RCW 9.94A.142(1), and concluding it had the authority to do so under the good cause provisions of that subsection.

■ The authority to impose restitution is statutory. *State v. Martin*, 137 Wn.2d 149, 155, 969 P.2d 450 (1999); *State v. Hennings*, 129 Wn.2d 512, 519, 919 P.2d 580 (1996). The sentencing court in the context of restitution may not exceed the authority granted under the controlling statute. *Martin*, 137 Wn.2d at 155. A restitution order is void if statutory provisions are not followed. *State v. Duback*, 77 Wn. App. 330, 332, 891 P.2d 40 (1995); *State v. Davison*, 116 Wn.2d 917, 919, 809 P.2d 1374 (1991).

■ Generally, the choice, interpretation, and application of a statute are matters of law reviewed de novo. *See Clark v. Falling*, 92 Wn. App. 805, 809-10, 965 P.2d 644 (1998).

RCW 9.94A.142(1) provides in pertinent part:

> When restitution is ordered, the court shall determine the amount of restitution due at the sentencing hearing or within one hundred eighty days except as provided in subsection (4) of this section. The court may continue the hearing beyond the one hundred eighty days for good cause.

Former RCW 9.94A.142(1) was construed in *State v. Krall*, 125 Wn.2d 146, 881 P.2d 1040 (1994), as meaning the time limit for setting restitution is mandatory. Thus, under the present statute with the one exception provided, trial courts must determine the amount of restitution at the sentencing hearing or within 180-days unless good cause is shown. RCW 9.94A.142(1). Although it is possible to understand the language to mean the court may hear and decide a request for continuance *made* beyond the time limit, that is not the apparent intent of the statute or the way the parties have argued. Rather, the parties argue whether under these facts good cause was shown for a continuance.

■ Accordingly, we proceed as did the parties and the trial court, with the understanding that the September 30 order effected a continuance based on a cause developed during the 180-day time limit, the failed transport order of July 15. Necessarily, the trial court interpreted RCW 9.94A.142(1) to give it the power to exercise its discretion to grant a continuance on September 30, *after* the expiration of the 180-day limit. Thus, the threshold question is whether the trial court correctly interpreted RCW 9.94A.142(1) as giving it that authority.

First, in view of the mandatory nature of the statute it would be illogical to allow consideration of a continuance that is raised after the time limit has expired. Second, the statute does not provide for requests for continuances made after the expiration of the time limit. Third, to permit such

a practice is inconsistent with the purposes of the restitution statute described in *Krall* and would not advance finality. To accept the State's argument would be to permit an order nunc pro tunc without a record action within the time limits. This we cannot do. *See State v. Nicholson*, 84 Wn. App. 75, 925 P.2d 637 (1996), *review denied*, 131 Wn.2d 1025 (1997). Therefore, we conclude the trial court lacked statutory authority to grant a continuance. Reaching this conclusion, it is not necessary to discuss good cause.

██ However, even if the court had statutory authority to consider a continuance after the expiration of the time limit, good cause is not shown. Courts in other contexts have construed the term "good cause" to require a showing of some external impediment that did not result from a self-created hardship that would prevent a party from complying with statutory requirements. *See State v. Tomal*, 133 Wn.2d 985, 989, 948 P.2d 833 (1997) (regarding motion to dismiss appeal); *State v. Dearbone*, 125 Wn.2d 173, 883 P.2d 303 (1994) (regarding notice of intent to seek the death penalty); *State v. Crumpton*, 90 Wn. App. 297, 302, 952 P.2d 1100 (regarding inclusion of testimonial affidavits with motion for new trial), *review denied*, 136 Wn.2d 1016 (1998). Inadvertence or attorney oversight is not "good cause." *Tomal*, 133 Wn.2d at 989; *Dearbone*, 125 Wn.2d at 180.

## B. Harmless Error

██ ██ The State contends that the court's error, if any, was harmless as Mr. Johnson was not prejudiced by the delay. This argument was rejected in *State v. Moen*, 129 Wn.2d 535, 548, 919 P.2d 69 (1996). However, in advancing its harmless error theory, the State asserts that because the victim was entitled to benefits under the Crime Victims' Compensation Act, the Department of Labor and Industries would have requested restitution if the prosecutor did not. RCW 9.94A.142(4); RCW 7.68.120. We do not consider this more than a speculative assertion. Our record does not indicate that the Department took such a step or is a party to this appeal. Thus, we decline to enter an advisory

opinion on a subject not before us. *Walker v. Munro*, 124 Wn.2d 402, 414, 879 P.2d 920 (1994) (no advisory opinions given in Washington courts). Further, no authority is cited allowing the State to collaterally assert the Department's interest. *State v. Lord*, 117 Wn.2d 829, 853, 822 P.2d 177 (1991) (review of argument unsupported by legal authority may be declined), *cert. denied*, 506 U.S. 856 (1992); RAP 10.3(a)(5). Moreover, the record presented does not show the issue was argued below, normally a prerequisite for review. *Moen*, 129 Wn.2d at 543; RAP 2.5(a).

## CONCLUSION

We hold the trial court incorrectly interpreted RCW 9.94A.142(1) to give it the statutory authority to order a restitution hearing beyond the 180-day mandatory time limit set in the statute. Even if it had the authority, good cause is not established through inadvertence or attorney oversight. A harmless error analysis is inapposite in view of the holding in *Moen*. Lack of prejudice to Mr. Johnson is thus, irrelevant. Finally, we decline to consider the State's argument that collaterally raises the exceptions recognized in RCW 9.94A.142(1) and RCW 9.94A.142(4), for petitions from the Department of Labor and Industries for recovery of benefits paid under the Crime Victims' Compensation Program. The restitution order is vacated.

Reversed.

SCHULTHEIS, C.J., and KURTZ, J., concur.