[No. 18402-1-III.   Division Three.   April 13, 2000.]

THE STATE OF WASHINGTON, *Respondent*, v. STANLEY LEONARD PIETRZAK, *Appellant*.

*Lorraine A. Parlange*, for appellant.

*Steven Tucker, Prosecuting Attorney*, and *Kevin M. Korsmo* and *Andrew J. Metts, Deputies*, for respondent.

SWEENEY, J. — RCW 9.68A.090 prohibits communication with a minor for immoral purposes. Stanley Pietrzak communicated with his 16-year-old niece for the purpose of photographing her nude body. The question before the court is whether the language of RCW 9.68A.090 is so vague as to be unenforceable. We conclude that the words "communicate" and "immoral purposes" are well defined and easily understood, and therefore reject his challenge to this statutory scheme. We therefore affirm his conviction.

## FACTS

C.S. is Stanley Pietrzak's 16-year-old niece. During a visit she stripped and Mr. Pietrzak took nude photographs of her. They then had sexual intercourse.

The State charged Mr. Pietrzak with communication with a minor for immoral purposes, RCW 9.68A.090.

Mr. Pietrzak waived his right to a jury trial and stipulated to the facts. Mr. Pietrzak challenged the constitutionality of the statute, arguing it was vague. He also argued that it did not apply to the facts of his case. The court concluded that RCW 9.68A.090 is not unconstitutionally vague and found that Mr. Pietrzak

> employed, authorized, or caused [C.S.], then age 16, to engage in sexually explicit conduct; that is to exhibit her unclothed pubic or genital areas and unclothed breasts for the purpose of sexual stimulation of the viewer. Mr. Pietrzak photographed [C.S.] while she was engaged in such conduct. [C.S.] saw being photographed as part of a quid pro quo for housing, food, beer and money. Mr. Pietrzak said the photography was part of a consensual sexual relationship between him and his 16 year old niece.

It then convicted Mr. Pietrzak of communication with a minor for immoral purposes, RCW 9.68A.090.

## DISCUSSION

██ ██ <u>Vagueness Challenge.</u> The choice, interpretation,

and application of a statute or other legal principles are matters of law that we review de novo. *State v. Johnson*, 96 Wn. App. 813, 816, 981 P.2d 25 (1999). Statutes are presumed to be constitutional. The court may declare a statute unconstitutional only if the party making the challenge proves invalidity beyond a reasonable doubt. *City of Spokane v. Douglass*, 115 Wn.2d 171, 182-83, 795 P.2d 693 (1990).

We evaluate the constitutionality of a statute in light of the particular conduct of the party making the challenge. *Id.* The conduct here is unchallenged. Mr. Pietrzak "employed, authorized, or caused" a minor to engage in sexually explicit conduct by exhibiting her unclothed body for "sexual stimulation of the viewer." He took nude photographs of a minor for his "sexual stimulation" and "as part of a quid pro quo for housing, food, beer and money."

■ A statute is unconstitutionally vague if it: (1) does not define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is proscribed, or (2) does not provide ascertainable standards of guilt to protect against arbitrary enforcement. *Id.* at 178. The question here is whether RCW 9.68A.090 sufficiently defines the prohibited behavior such that persons of common intelligence need not guess as to the statute's meaning or differ as to its application. *Id.* at 179.

■ ■ RCW 9.68A.090 criminalizes communication with a minor for immoral purposes.[1] *State v. McNallie*, 120 Wn.2d 925, 929, 846 P.2d 1358 (1993); *State v. Schimmelpfennig*, 92 Wn.2d 95, 103-04, 594 P.2d 442 (1979) (interpreting former RCW 9A.88.020, predecessor statute to RCW 9.68A.090). "Communicate" within RCW 9.68A.090

---

[1]RCW 9.68A.090 provides:

"A person who communicates with a minor for immoral purposes is guilty of a gross misdemeanor, unless that person has previously been convicted under this section or of a felony sexual offense under chapter 9.68A, 9A.44, or 9A.64 RCW or of any other felony sexual offense in this or any other state, in which case the person is guilty of a class C felony punishable under chapter 9A.20 RCW."

includes conduct as well as words, and "immoral purpose" refers to sexual misconduct. *State v. Falco*, 59 Wn. App. 354, 358, 796 P.2d 796 (1990) (citing *Schimmelpfennig*, 92 Wn.2d at 103-04). A minor is any person under 18 years of age. RCW 9.68A.011(4).

RCW 9.68A.090, as well as its predecessor RCW 9A.88-.020,[2] were both challenged as unconstitutionally vague in *McNallie* and *Schimmelpfennig*. *McNallie*, 120 Wn.2d at 930-35 (RCW 9.68A.090); *Schimmelpfennig*, 92 Wn.2d at 102 (former RCW 9A.88.020). Both courts looked at the statute in the context of the relevant portions of the criminal code. *McNallie*, 120 Wn.2d at 931-33; *Schimmelpfennig*, 92 Wn.2d at 102. The *McNallie* court noted that RCW 9.68A.090 is, and its predecessor was, part of a legislative effort to prohibit sexual misconduct. *McNallie*, 120 Wn.2d at 931 (citing *Schimmelpfennig*, 92 Wn.2d at 102). And the code gives ample notice of a legislative intent to prohibit sexual misconduct:

> We hold that the communication statute, as written and currently located in the code, does not only contemplate participation by minors in sexual acts for a fee, or appearance on film or in live performance while engaged in sexually explicit conduct. Rather, the statute prohibits communication with children for the predatory purpose of promoting their exposure to and involvement in sexual misconduct.

*McNallie*, 120 Wn.2d at 933.

■ We agree. Placed in context, a person of common intelligence need not guess as to the meaning of RCW 9.68A.090. He or she is subject to the proscription and penalties under RCW 9.68A.090 by observing and photographing a nude 16-year-old for the purposes of sexual

[2]Former RCW 9A.88.020 provided:

"Communication with a minor for immoral purposes. Any person who communicates with a child under the age of seventeen years of age for immoral purposes shall be guilty of a gross misdemeanor, unless such person has previously been convicted of a felony sexual offense or has previously been convicted under this section or RCW 9.79.130, in which case such person shall be guilty of a class C felony."

stimulation, or as part of a quid pro quo. *McNallie*, 120 Wn.2d at 931-33; *Douglass*, 115 Wn.2d at 179; *Schimmelpfennig*, 92 Wn.2d at 102. Chapter 9.68A RCW provides ample notice of the Legislature's intent to prohibit sexual exploitation and misconduct with persons under the age of 18. *McNallie*, 120 Wn.2d at 932-33.

Mr. Pietrzak notes that Washington's child rape statutes generally prohibit sex only with a child under 16 years of age. RCW 9A.44.073-.079. He then argues that RCW 9.68A.090 is vague because a reasonable person would think that he or she could take photographs during an otherwise legal and consensual relationship. But these statutes proscribe different conduct. The child rape statutes address sexual intercourse with minors. Chapter 9.68A RCW addresses the prevention of sexual exploitation of children, an objective that the Legislature can legally regulate and clearly does by chapter 9.68A RCW. *McNallie*, 120 Wn.2d 925; *Schimmelpfennig*, 92 Wn.2d 95.

Mr. Pietrzak argues that the court's application of RCW 9.68A.090 here is an unreasonable exercise of police power and leads to unlikely, absurd, and strained consequences. This is because the legislative intent of RCW 9.68A.090 is to prohibit commercial gain or personal gratification based on the exploitation of children. RCW 9.68A.001. He points out that none of those elements were present in this consensual, lawful relationship. Regardless of whether the sexual relationship was lawful, Mr. Pietrzak's argument lacks merit. *State v. Luther*, 65 Wn. App. 424, 830 P.2d 674 (1992).

In *Luther*, the defendant and a girl, both 16 years old, engaged in two sexual acts. Before each act, the defendant asked the girl whether she was going to perform as previously offered. *Id.* at 425. The court addressed the question of whether RCW 9.68A.090 prohibited the defendant's communications to the girl. The court asked whether the Legislature intended to proscribe communications about immoral sexual conduct that would not be criminal if actually performed. *Id.* at 425-27. The court concluded that

RCW 9.68A.090 does not prohibit communications about sexual conduct that would be legal if performed. *Id.* at 427-28.

The facts here are distinguishable. Here, the court found that Mr. Pietrzak "employed, authorized, or caused [C.S.], then age 16, to engage in sexually explicit conduct," by exhibiting her unclothed body for "sexual stimulation of the viewer" and photographs. RCW 9.68A.040 prohibits a person from compelling, aiding, inviting, employing, authorizing, or causing a minor to engage in sexually explicit conduct with the knowledge that such conduct will be photographed.

Because Mr. Pietrzak's resulting conduct (photographing) is prohibited, RCW 9.68A.040(1), any communication regarding that conduct is also prohibited. *Luther,* 65 Wn. App. at 425-28. The application of RCW 9.68A.090 does not then result in unlikely, absurd, or strained consequences. *State v. McDougal,* 120 Wn.2d 334, 350, 841 P.2d 1232 (1992).

KURTZ, C.J., and KATO, J., concur.