[No. 19005-6-III. Division Three. March 6, 2001.]

THE STATE OF WASHINGTON, *Respondent*, v. EUGENE LAWRENCE PIERSON, *Appellant*.

---

[30] *See* RCW 36C.70C.130(1)(c) and (d).

162

*George M. Ahrend*, for appellant.

*Steven J. Tucker, Prosecuting Attorney*, and *Kevin M. Korsmo* and *Andrew J. Metts III, Deputies*, for respondent.

BROWN, A.C.J. — Eugene L. Pierson entered an *Alford*[1] plea in Spokane County to one count of third degree child rape. Over Mr. Pierson's timeliness objection, he was ordered to pay restitution. He appealed. Today, we decide an issue of first impression, whether a trial court that, at sentencing, requires a restitution hearing within 60 days, may continue the restitution hearing after the 60 days has expired to another date within the 180-day statutory limit. We decide it can, and affirm.

## FACTS

In January 1998, the State charged Mr. Pierson with second degree child rape and third degree child rape; the last time frame alleged was between June 12, 1997 and August 8, 1997. The victim underwent what was later described as a postdiscovery gynecological examination on August 13, 1997. The original billing for the examination was $357.40. It was later corrected to $210. The bill is not part of our record on review. Apparently it did not clearly describe the reason for the examination.

On April 29, 1999, Mr. Pierson entered an *Alford* plea solely to the third degree child rape and was sentenced. The

---

[1] *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

plea agreement partly stated: "If this crime resulted in injury to any person or damage to or loss of property, the judge will order me to make restitution, unless extraordinary circumstances exist which make restitution inappropriate." Clerk's Papers (CP) at 26.

On June 21, 1999, the trial court sentenced Mr. Pierson. Regarding restitution, the prosecutor was unsure if any had been incurred and asked the court to leave it open. In response, the court said: "Okay. I don't want to leave it open for six months, though. Let's leave it open for 60 days[.]" Report of Proceedings (RP) (June 12, 1999) at 11. Then, the trial court signed a preprinted judgment and sentence form indicating first: "The above total does not include all restitution . . . which may be set by later order of the court. An agreed restitution order may be entered. RCW 9.94A.142. A restitution hearing: [x] shall be set by the prosecutor[.]" RP (June 12, 1999) at 10-11. Next, in writing it is indicated, "within 60 days." No hearing was set within the specified 60-day period.

Sixteen days after sentencing, the State sent a restitution schedule to Mr. Pierson's counsel. Counsel did not respond. The State unsuccessfully tried to contact counsel again in late August and September. When counsel did respond, he stated he needed to contact Mr. Pierson, but apparently did not. Finally, on December 3, 1999, after the 60 days ordered by the court, the State moved to amend the judgment and sentence and to set restitution within 180 days as provided in RCW 9.94A.142(1). The State framed the issue as follows:

> Whether this court's discretionary imposition of a 60 day time limit in which to set a restitution hearing now prohibits the entry of an order of restitution within the statutorily mandated 180 day time limit.

CP at 39.

At a December 10, 1999 hearing on the State's motion, Mr. Pierson's counsel objected, and relying on *State v. Johnson*, 96 Wn. App. 813, 981 P.2d 25 (1999), framed the issue as follows:

I think the issue in this case comes down to, if there is a court order setting a shorter period of return on the restitution findings than is authorized by the statute, which of those controls; does the statute control or does the court order control.

RP (Dec. 10, 1999) at 3.

The State requested $210 restitution. After Mr. Pierson's counsel questioned the amount and necessity, the prosecutor explained the reason for the reduction in amount and the connection of the expense to the crime before the court. The billing correction was explained as a computation error. The crime connection was explained as "a routine gynecological examination post-discovery of the sexual intercourse going on between the defendant and [the victim]." CP at 6. Then, the record reflects:

THE COURT: I have the—that—I have that document. But I think it has to be supported by at least an affidavit of some kind, unless Mr. Pierson is willing to stipulate to the $210. If he's not, I'm going to continue this matter until next Friday, at the same time—Well, I'd better check and see if the same time.

[DEFENSE COUNSEL]: Your Honor, Mr. Pierson would stipulate that the correct amount would be $210. He wants to make it—Are we on the record?

THE COURT: Yes.

[DEFENSE COUNSEL]: Oh. All right. He does want to make it clear that in so stipulating he doesn't agree with the entry of the order, but he does agree that if the state were to introduce evidence the amount would come to $210. So, as far as the issue of fixing the amount, independently of whether the court would order it, he would waive a hearing for that purpose.

RP (Dec. 10, 1999) at 7-8.

The trial court then granted a continuance to the date of hearing and ordered $210 restitution. Mr. Pierson appealed.

## ISSUE I

The issue is whether the sentencing court abused its discretion when continuing, after 60 days, a restitution hearing it required set within 60 days to another date within the 180-day statutory limit of RCW 9.94A.142(1).

## ANALYSIS

 Because this issue turns on the application of RCW 9.94A.142, review is de novo. *Johnson*, 96 Wn. App. at 816. Mr. Pierson relies on CrR 8.1 and CR 6(b), which generally govern enlargement of time limits set by the trial court. Mr. Pierson's argument is misplaced, as the restitution statute, RCW 9.94A.142(1), specifically governs the timeliness of a restitution order. *State v. Krall*, 125 Wn.2d 146, 148-49, 881 P.2d 1040 (1994). Moreover, Mr. Pierson cites no authority, and we can find none, applying CrR 8.1 and CR 6(b) in this restitution context in derogation of the controlling statute.

 The trial court's authority to order restitution is statutory. *State v. Enstone*, 137 Wn.2d 675, 682, 974 P.2d 828 (1999). With irrelevant exception, the restitution statute provides that the trial court "shall" determine the amount of restitution within 180 days of sentencing. RCW 9.94A.142(1). The statutory time limit is mandatory. *See Krall*, 125 Wn.2d at 148 (interpreting 60-day time limit under former RCW 9.94A.142(1) (1985)); *State v. Tetreault*, 99 Wn. App. 435, 437, 998 P.2d 330 (applying *Krall* to current 180-day time limit), *review denied*, 141 Wn.2d 1015 (2000). But the trial court may continue the restitution hearing beyond 180 days for good cause if the request is timely made. RCW 9.94A.142(1); *Johnson*, 96 Wn. App. at 816.

 Mr. Pierson argued to the sentencing court that *Johnson* prevented the trial court from continuing the restitution hearing beyond the deadline set by the court. However, *Johnson* is distinguishable because it held that

once the statutory time limit expired, the court, after the fact, could not extend the statutory deadline by continuance. *Johnson*, 96 Wn. App. at 816-17.

Here, the trial court merely ordered a restitution hearing be set within 60 days of sentencing. It reasoned it did not want to delay the matter to the full 180 days allowed under the statute, an appropriate management technique. Long after 60 days from sentencing, the State moved to amend the judgment and sentence and set restitution within the 180-day statutory time limit. The trial court signed an order continuing the restitution hearing based upon good cause within the 180-day statutory limit. Thus, our record shows the trial court complied with RCW 9.94A.142(1).

Moreover, a court "may not alter the statutory language" by shortening the 180-day time limit. *United States Tobacco Sales & Mktg. Co. v. Dep't of Revenue*, 96 Wn. App. 932, 941, 982 P.2d 652 (1999) (citing *King County v. City of Seattle*, 70 Wn.2d 988, 991, 425 P.2d 887 (1967)). To do so would defeat the Legislature's intent to grant trial courts "broad power" to order restitution. *Enstone*, 137 Wn.2d at 679 (citing *State v. Smith*, 119 Wn.2d 385, 389, 831 P.2d 1082 (1992)). Therefore, we conclude the trial court did not lack discretion to grant the continuance.

## ISSUE II

The issue is whether the trial court abused its discretion in ordering the amount of restitution.

## ANALYSIS

Mr. Pierson now argues on appeal that the restitution order was not supported by competent evidence notwithstanding his stipulation below as to the cost and purpose of the gynecological examination. Our review of the record and the issues framed by the parties at the trial court support our conclusion that this issue was waived.

Even if it were not, our standard of review for

restitution orders is abuse of discretion. *State v. Davison*, 116 Wn.2d 917, 919, 809 P.2d 1374 (1991). A trial court abuses its discretion when it exercises it in a manifestly unreasonable manner or on untenable grounds. *Enstone*, 137 Wn.2d at 679-80. The court heard the State's explanations. Mr. Pierson's counsel stated: "[Mr. Pierson] does want to make it clear that in so stipulating he doesn't agree with the entry of the order, but he does agree that if the state were to introduce evidence the amount would come to $210." RP (Dec. 10, 1999) at 7-8. The court did accept the stipulation and entered the restitution order without further discussion as to the quantum of proof. Mr. Pierson's sole challenge below was the court's discretion to decide the matter after expiration of what he contended was a 60-day deadline. In light of Mr. Pierson's broad stipulation, if error existed, it was invited. *See In re Personal Restraint of Thompson*, 141 Wn.2d 712, 723, 10 P.3d 380 (2000) (doctrine of invited error prohibits party from setting up error below and then complaining of it on appeal).

In any event, the trial court's discretion in setting the amount of restitution is set forth in RCW 9.94A.142. "Restitution shall be ordered whenever the offender is convicted of an offense which results in injury to any person[.]" RCW 9.94A.142(2). Restitution "shall be based on easily ascertainable damages for . . . actual expenses incurred for treatment for injury to persons[.]" RCW 9.94A.142(1).

The Supreme Court recently interpreted RCW 9.94A.142 to require the trial court to find "that a victim's injuries were causally connected to a defendant's crime before ordering a defendant to pay restitution for the expenses which resulted." *Enstone*, 137 Wn.2d at 682; *accord State v. Dauenhauer*, 103 Wn. App. 373, 378, 12 P.3d 661 (2000). Here, Mr. Pierson acknowledged in his plea agreement that the trial court would order restitution. He did not dispute the victim's examination a few days after discovery of the crime. He conceded the exam cost $210. Yet now he argues

the State had not established a connection between the exam and the crime.

The trial court could reasonably have inferred that a gynecological examination conducted soon after the discovery of an alleged sex offense was causally related to the charged offense. The record indicates the trial court felt an affidavit was necessary to account for the discrepancy between the $357 originally billed and the $210 ultimately requested. Clearly, the trial court intended to continue the hearing unless Mr. Pierson stipulated to the amount of the claim. Mr. Pierson did so stipulate. Given the nature of the crime, the type of examination given the victim, its timing in relation to the crime, and Mr. Pierson's stipulation as to the cost of the examination, we conclude the trial court did not abuse its broad discretion in ordering restitution of $210.

## CONCLUSION

We hold the trial court did not err by continuing the restitution hearing beyond the 60-day period it originally required and setting restitution at $210, because the continued hearing date was within the 180-day statutory limit of RCW 9.94A.142(1).

Affirmed.

SWEENEY and KATO, JJ., concur.

