# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 48999-6-II |
| Respondent, | |
| v. | |
| DEREK J. KINNEY, | UNPUBLISHED OPINION |
| Appellant. | |

SUTTON, J. — A jury found Derek J. Kinney guilty of possession with intent to deliver a controlled substance—methamphetamine within 1000 feet of a school bus route stop. Kinney appeals the jury's verdict on the school bus route stop enhancement arguing that the State failed to prove that the identified school bus route stop was actually a school bus route stop based on definitions within the Washington Administrative Code. Kinney also challenges the trial court's decision to impose discretionary legal financial obligations (LFOs) arguing that the trial court's inquiry into his ability to pay was inadequate. Because the State proved the school bus route stop enhancement based on the plain language of the statute, Kinney's argument fails. And the trial court's inquiry into Kinney's ability to pay was adequate. Therefore, we affirm.

## FACTS

On March 11, 2016, Officer Ryan Miskell of the South Bend Police Department contacted Kinney through a routine traffic stop. Officer Miskell found a bag of methamphetamine and several items of drug paraphernalia in Kinney's vehicle. The State charged Kinney with one count

of possession of methamphetamine with intent to deliver within 1000 feet of a school bus route stop.

Wyatt Kuiken, head of the transportation department for the South Bend School District, testified at Kinney's jury trial. Kuiken testified that there was a South Bend school bus route stop 70 feet from where Officer Miskell first observed Kinney's vehicle. Kuiken testified that the school bus stop was actively visited by a South Bend School District bus. The school bus is a "30-passenger type A school bus" owned and operated by South Bend School District. Verbatim Report of Proceedings (VRP) (May 19, 2016) at 167. Kuiken testified that the school bus that stops at this particular school bus stop only transports preschool students.

The jury found Kinney guilty of possession with intent to deliver a controlled substance—methamphetamine. And by special verdict, the jury found that Kinney possessed "a controlled substance within one thousand feet of a school bus route stop designated by a school district." Clerk's Papers (CP) at 106.

At Kinney's sentencing, the trial court asked Kinney whether he would be able to make payments on LFOs when he got released from incarceration. Kinney said he should be able to pay $35 a month if he got a job in a timely manner. Kinney explained that he had been working in sanitation without a license but he was planning on taking the sanitation course in prison. Based on this information the trial court stated, "I don't think I'll waive them at this time. Once he gets out, if he can't make the payments, he needs to come in and have the interest and the waivable fines waived at that time." VRP (May 20, 2016) at 252. The trial court imposed $1350.00 in discretionary LFOs. The trial court imposed a standard range sentence and 24 months for the school bus route stop sentencing enhancement. Kinney appeals.

ANALYSIS

I. SENTENCING ENHANCEMENT

Kinney argues that the State failed to present sufficient evidence to prove the sentencing enhancement for being within 1,000 feet of a school bus route stop. Specifically, Kinney relies on the definition of "school bus" in RCW 69.50.435 and the WAC governing transportation for public education, chapter 392-143 WAC. We hold that the State presented sufficient evidence to support the jury's special verdict on the sentencing enhancement.

We review sufficiency of the evidence claims for whether, when viewing the evidence in the light most favorable to the State, any rational trier of fact could have found the essential elements of the charged crime beyond a reasonable doubt. *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). A sufficiency challenge admits the truth of the State's evidence and all reasonable inferences reasonably drawn therefrom. *Salinas*, 119 Wn.2d at 201. We defer to the trier of fact on issues of conflicting testimony, witness credibility, and persuasiveness of the evidence. *State v. Ague-Masters*, 138 Wn. App. 86, 102, 156 P.3d 265 (2007).

Statutory interpretation is an issue of law that we review de novo. *State v. Conover*, 183 Wn.2d 706, 711, 355 P.3d 1093 (2015). Our primary objective is to carry out the legislature's intent. *State v. Young*, 125 Wn.2d 688, 694, 888 P.2d 142 (1995). Legislative intent is determined by looking at the statutory language. *Young*, 125 Wn.2d at 694.

RCW 69.50.435(1)(c) imposes additional penalties on any person who possesses, delivers, manufactures, or sells a controlled substance "within one thousand feet of a school bus route stop designated by the school district." RCW 69.50.435(6)(c) defines "school bus route stop" as "a school bus stop as designated by a school district." Under the plain language of the statute, a

school bus route stop must only be designated as such by the school district. Because the language of the statute is unambiguous as to the meaning of school bus route stop for the purposes of the sentencing enhancement in RCW 69.50.435(1), we apply the plain language of the statute. Here, Kuiken testified that the bus stop in question was a South Bend School District bus stop. Therefore, the State presented sufficient evidence to support the jury's special verdict on the sentencing enhancement.

Kinney relies on the definition of "school bus" within RCW 69.50.435 to support his argument that the State must prove that the bus that stops at the school bus route stop must meet the WAC definition of a school bus. RCW 69.55.435(6)(b) defines "school bus" as "a school bus as defined by the superintendent of public instruction by rule." The superintendent has defined a school bus as "every vehicle with a seating capacity of more than ten persons including the driver regularly used to transport students to and from school or in connection with school activities." WAC 392-143-010(1). Kinney argues that the State failed to present sufficient evidence that the bus met WAC 392-143-010's definition of a school bus.

But read within the context of RCW 69.50.435, Kinney's reading conflicts with the plain language defining school bus route stop. RCW 69.50.435(6)(c) does not define school bus route stop as a place where a school bus stops; it defines it as a school bus stop *designated by a school district*. A different definition of school bus and school bus route stop makes sense because RCW 69.50.435(1)(b) specifies a separate sentencing enhancement for possessing, delivering, manufacturing, or selling a controlled substance *on* a school bus. And the definition of school bus specifically excludes common carriers used for the transportation of students through a municipal transportation system. RCW 69.50.435(6)(b). Therefore, allowing a school bus route stop to

4

encompass all stops designated by the school district would protect school bus route stops that are designated by a school district which uses a municipal transportation system for student transportation even though a school bus, as defined in the statute does not stop there. Accordingly, we apply the plain language of RCW 69.50.435(6)(c) and we hold that the State presented sufficient evidence to prove beyond a reasonable doubt that Kinney possessed a controlled substance within 1,000 feet of a school bus route stop designated by the school district.

## II. LFOs

Kinney argues that the trial court failed to make an adequate inquiry into Kinney's ability to pay discretionary LFOs. Kinney argues that the trial court's inquiry into his ability to pay was inadequate because the trial court did not consider the length of Kinney's incarceration, inquire into Kinney's other debts, or inquire into the likelihood Kinney would actually be able to obtain employment.

RCW 10.01.160(3) requires the trial court to take into account the financial resources of the defendant and the nature of the burden that payment of costs will impose. Therefore, before imposing discretionary LFOs, the trial court must consider the defendant's individual financial circumstances and make an individualized inquiry into the defendant's current and future ability to pay. *State v. Blazina*, 182 Wn.2d 827, 837-38, 344 P.3d 680 (2015). An individualized inquiry also requires the trial court to consider other factors, such as incarceration and defendant's other debts when determining a defendant's ability to pay. *Blazina*, 182 Wn.2d at 838-39.

We review whether a trial court complies with a statute de novo. *State v. Johnson*, 96 Wn. App. 813, 816, 981 P.2d 25 (1999). But if the trial court complies with the requirements of the statute, we review the decision to impose LFOs for an abuse of discretion. *State v. Baldwin*, 63 Wn. App. 303, 312, 818 P.2d 1116 (1991). Here, the trial court complied with the requirements of the statute by performing an individualized inquiry into Kinney's ability to pay. Therefore, the issue is whether the trial court's inquiry was sufficient to justify imposing discretionary LFOs. Therefore, we review the trial court's decision to impose legal financial obligations for an abuse of discretion. A trial court abuses its discretion when its decision is manifestly unreasonable or based on untenable grounds. *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971).

Here, the trial court did not abuse its discretion. In response to the trial court's original inquiry, Kinney told the trial court he should be able to make payments if he was employed so Kinney's own affirmative assertion supports the trial court's decision to impose discretionary LFOs. The trial court also went further and inquired into the type of work that Kinney did and intended to do, and Kinney confirmed that he was going to pursue additional education and licensure in sanitation while incarcerated. Because the trial court confirmed that Kinney had good opportunity for employment after being released from incarceration, the trial court did not abuse its discretion in imposing discretionary LFOs.

No. 48999-6-II

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

SUTTON, J.

We concur:

MAXA, A.C.J.

LEE, J.