FILED
OCTOBER 12, 2017
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 34091-1-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SCOTT ROBERT WATSON, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — Scott Watson appeals from his conviction for communication with a minor for immoral purposes, arguing that the trial court erred in denying his pretrial motion to dismiss, the statute is unconstitutionally vague, and the court erred in admitting evidence of an additional incident. We affirm.

FACTS

Mr. Watson and his wife were friends of the parents of H.R.B. when the two families lived in California. H.R.B. became close to the Watsons. In 2010, when H.R.B. was about 12, she and her family moved to Pasco, Washington. The Watsons remained in California. The child continued to have a close relationship with the California couple.

When she turned 15, the nature of her relationship with Mr. Watson changed. The two exchanged text messages about her returning to California and, over time, about living as an adult with Watson. The couple texted about sexual topics. In response to requests from H.R.B., Mr. Watson eventually sent two pictures of his erect penis to the 15-year-old via a text message. The child's mother later became concerned about Watson's relationship with her daughter when, during a visit to Pasco, she observed him with his hand on H.R.B.'s upper thigh during a pool party. Watson was sent back to California and the child's phone was turned over to the police.

A felony charge of communicating with a minor for immoral purposes was filed in Franklin County Superior Court based on the two pictures. A protection order issued prohibiting Watson from contacting H.R.B. Watson, however, violated the order several times. Two days after her 16th birthday, he left items for her to pick up at her Pasco bus stop. A few weeks later he sent another picture of his penis to H.R.B. The following week, he met her in Richland and gave her a vibrator as a birthday present. A second count of communicating with a minor was filed over the latest picture transmission, and two counts of violating the restraining order were also filed. The latter two counts were later severed and venue changed to neighboring Benton County.

Watson moved to dismiss the two Franklin County charges pursuant to *State v. Knapstad*, 107 Wn.2d 346, 729 P.2d 48 (1986). He argued that sending pictures of his penis did not constitute a crime because it did not amount to a request to engage in sexual

2

misconduct. The trial court granted the motion as to count II, the charge arising after H.R.B.'s 16th birthday, but denied the motion on count I. The court reasoned that the child was under the age of consent at the time of the first charge, but was legally able to consent to the second picture.

The case proceeded to trial eleven months later. The two pictures that formed the basis for the charge in count I were admitted into evidence, as was information about the delivery of the vibrator. H.R.B. testified that she and Mr. Watson had discussed sexual actions they intended to perform together and that she had sent naked pictures of herself to the defendant. Mr. Watson did not testify.

The jury convicted as charged. Mr. Watson timely appealed to this court. A panel considered the case without argument.

## ANALYSIS

Mr. Watson presents three challenges in this appeal. In order, we will consider his arguments concerning the denial of the *Knapstad* motion, the constitutionality of the communicating with a minor statute, and whether the court erred in admitting evidence of the other incidents.

*Knapstad Ruling*

Mr. Watson first challenges the trial court's refusal to dismiss count I after his pre-trial motion to dismiss both of the communicating charges. Since the matter has gone to trial, this issue is not reviewable on appeal.

*Knapstad* created a pretrial process, akin to summary judgment under the civil rules, authorizing dismissal without prejudice of criminal charges that lacked sufficient evidence to proceed to the jury. *Knapstad*, 107 Wn.2d at 356-357. The decision subsequently was codified in CrR 8.3(c). The denial of a *Knapstad* ruling is not appealable as a matter of right. CrR 8.3(c)(3).

"The purpose of summary judgment is to avoid a useless trial when there is no genuine issue of any material fact." *Olympic Fish Prod., Inc. v. Lloyd*, 93 Wn.2d 596, 602, 611 P.2d 737 (1980) (citing *Ohler v. Tacoma Gen. Hosp.*, 92 Wn.2d 507, 598 P.2d 1358 (1979). Thus, if a case proceeds to trial, in most instances the pretrial ruling on the summary judgment motion is not reviewable. *Adcox v. Children's Orthopedic Hosp. & Med. Ctr.*, 123 Wn.2d 15, 35 n.9, 864 P.2d 921 (1993).[1] The purpose behind granting summary judgment is no longer served once trial has occurred.

The practice is similar in criminal cases. *State v. Jackson*, 82 Wn. App. 594, 608 n.41, 918 P.2d 945 (1996), *review denied*, 131 Wn.2d 1006 (1997). When an appellate court reviews a sufficiency of the evidence challenge, it does so on the basis of the most complete factual record in existence. *Id.* at 608-609. Thus, if a case proceeds to trial after the denial of a *Knapstad* motion, the court will consider the evidence presented at

---

[1] This approach also follows from the interlocutory nature of a pretrial ruling. A judge can "reverse or modify a pretrial ruling at any time prior to the entry of final judgment." *Adcox*, 123 Wn.2d at 37.

4

trial. *Id.* In that circumstance, there is "no right to have us review the sufficiency of the evidence using pretrial *Knapstad* affidavits." *Id.* at 609. Accordingly, the denial of a *Knapstad* motion is not an issue that can be raised on appeal following trial. *Id.*

Here, Mr. Watson does not independently challenge the sufficiency of the evidence presented at trial, except to the extent it is related to his following argument. Thus, we decline to address the trial court's *Knapstad* ruling. *Id.* at 608-609.

*Constitutionality of Communicating with a Minor for Immoral Purposes Statute*

The factual circumstances of this case do bear on Mr. Watson's argument that the statute is unconstitutional as applied to his case. He essentially argues that because he never asked H.R.B. to engage in an underage sexual act, it is unconstitutional to apply the statute to him. We believe that the motivation behind his actions was a question for the jury, leaving this case within the constitutional core of the statute.

The communication with a minor for immoral purposes statute has long survived challenges to its constitutionality. The current iteration of the statute is straight-forward in its language: "A person who communicates with a minor for immoral purposes is guilty." RCW 9.68A.090(2). Certain prior offenses determine whether the crime is a felony or a gross misdemeanor. RCW 9.68A.090(1), (2).

5

Mr. Watson's principal argument is that display of his genitalia without more is not a communication for an immoral purpose given the evidence that he did not intend to begin a sexual relationship before H.R.B. turned 18. This claim fails under earlier decisions.

The seminal modern case involving this statute is *State v. Schimmelpfennig*, 92 Wn.2d 95, 594 P.2d 442 (1979).[2] There the court concluded that the word "communicate" was not unconstitutionally vague. *Id.* at 103. Noting that the word was one of common usage, the court determined that it "denotes both a course of conduct and the spoken word." *Id.* The court also concluded that looking at the context of the statute in the criminal codes, the statute gave "ample notice" of legislative intent to prohibit "sexual misconduct." *Id.* at 102. Asking young children to enter a van and engage in sexual activities was immoral conduct. *Id.* at 103.

Our court returned to the statute in *State v. McNallie*, 120 Wn.2d 925, 846 P.2d 1358 (1993). There the defendant asked three young girls, ages 10 and 11, about the availability of "hand jobs" and exposed his penis to them. He was convicted of two counts of communicating for immoral purposes. *Id.* at 926-928. The court rejected the defendant's vagueness argument, determining that "sexual misconduct" was not limited

---

[2] At the time of *Schimmelpfennig*, the statute prohibited communications to those under the age of 17. *See* LAWS OF 1975, ch. 260, § 9A.88.020. The age limit was removed by Laws of 1984, ch. 262, § 8.

to activities proscribed in chapter 9.68A RCW. *Id.* at 933. The goal of the communicating statute was to prohibit "communication with children for the predatory purpose of promoting their exposure to and involvement in sexual misconduct." *Id.* To that end, a jury instruction that defined "immoral purposes" as "immoral purposes of a sexual nature" was proper in McNallie's case. *Id.*

This court applied *McNallie* and upheld a conviction for communicating for immoral purposes in *State v. Pietrzak*, 100 Wn. App. 291, 997 P.2d 947 (2000). There the defendant, an adult, asked his 16-year-old niece to strip and pose for sexually explicit pictures. After photographing the young woman, the two engaged in sexual intercourse. *Id.* at 293. The trial court found the behavior to be "quid pro quo for housing, food, beer, and money." *Id.* The defendant stated that the photography was part of a consensual sexual relationship between the two. *Id.* This court confirmed that the statute was not vague despite the defendant's claim of a consensual sexual relationship, concluding that "observing and photographing" a 16-year-old constituted "sexual exploitation and misconduct with persons under the age of 18." *Id.* at 295-296.

Accordingly, we conclude that Mr. Watson's action in sending a picture of his unclothed penis to a 15-year-old girl was sexual misconduct within the meaning of our communicating statute. Exposing one's self is a crime in many circumstances. RCW 9A.88.010. An adult exposing himself to a 15-year-old, even at the child's request, should

7

reasonably understand he is engaging in misconduct of a sexual nature, particularly since the 15-year-old legally was unable to consent to sexual activity. The communication by photograph was no different than exposing himself in person. The exposure did not have to be accompanied by evidence of a present intent to engage in other sexual activities. *Schimmelpfennig*, 92 Wn.2d at 103. We believing grooming a 15-year-old child for later sexual contact falls within the reach of the communication statute.

As applied to the facts of this case, the communicating with a minor statute is not unconstitutionally vague. The defendant knew that a 15-year-old minor could not engage in sexual activities with him, but nonetheless exchanged a sexually explicit photograph as part of an on-going pattern of sexual conversation. A reasonable adult would understand that this was sexual misconduct. The statute was not vague as applied to this conduct.

*Admission of Another Incident*

Finally, Mr. Watson argues that the trial court erred by admitting into evidence information about the delivery of the vibrator. The trial court properly weighed the relevance of the evidence against its prejudicial impact. There was no abuse of discretion.

Evidentiary rulings, including those under ER 404(b), are reviewed for abuse of discretion. *State v. DeVincentis*, 150 Wn.2d 11, 17, 74 P.3d 119 (2003). Discretion is abused if it is exercised on untenable grounds or for untenable reasons. *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971). Evidence of other bad acts is

8

permitted to establish specific purposes such as the identity of an actor or the defendant's intent or purpose in committing a crime. ER 404(b). Those purposes, in turn, must be of such significance to the current trial that the evidence is highly probative and relevant to prove an "essential ingredient" of the current crime. *State v. Lough*, 125 Wn.2d 847, 863, 889 P.2d 487 (1995).

When considering ER 404(b) evidence, the proponent of the evidence must first convince a trial court by a preponderance of the evidence that the "misconduct" actually occurred. *Lough*, 125 Wn.2d at 853. A trial court may, but is not required, to conduct a hearing to take testimony. *State v. Kilgore*, 147 Wn.2d 288, 294-295, 53 P.3d 974 (2002). If the court determines that the misconduct occurred, the court then must identify the purpose for which the evidence is offered, determine whether the evidence is relevant to prove an element of the offense, and weigh the probative value of the evidence against its prejudicial effect. *Lough*, 125 Wn.2d at 853. The court may then admit the evidence subject to a limiting instruction telling the jury the proper uses of the evidence. *Id.* at 864.

At trial, the prosecutor sought to admit testimony about both the pool incident and the vibrator delivery as evidence of the defendant's intent. In opposition, the defense argued that the delivery of the device occurred nearly a year after the charged count and was highly prejudicial. Somewhat inconsistently, the defense also argued that there was

nothing improper about giving the device to a 16-year-old.[3]  The trial court admitted the evidence, stating:

> With regard to the pool party, I think I will allow it if it's not hearsay.  If it's not hearsay with regard to the sex toy it's certainly is prejudicial but it no more prejudicial than the picture that was sent in though was after she turned 16.  I think it certainly goes toward the intent so I will allow that.

Report of Proceedings at 16.

On appeal, Mr. Watson argues, and the State agrees, that the trial court did not properly balance the ER 404(b) factors on the record concerning the admission of the vibrator.  Although the 404(b) analysis should have included some mention of the importance of the evidence to the State's case in its discussion of relevance, it is easy to see the trial court's reasoning primarily as a response to the defense contention that Mr. Watson did nothing improper in delivering the vibrator.  In that context, the trial court understandably focused on the purpose for which the incident was being admitted—the defendant's intent—and the extent of any prejudice from admitting the evidence.  Those were the aspects of the rule that the defense was contesting.

The court had tenable reasons for admitting the evidence.  The defense theory was that Mr. Watson had shared the photos for the purpose of educating H.R.B. at her request. The State's theory was that the communication was for furthering the development of a

---

[3] If the delivery did not constitute a "bad act" under ER 404(b), then the only grounds for challenge would have been ER 401 (relevancy) and ER 403 (undue prejudice).

10

sexual relationship with the child. In that regard, the *Schimmelpfennig* construction of the statute was critical. Communication can consist of either words or a "course of conduct." *Schimmelpfennig*, 92 Wn.2d at 103. Delivery of a sexual toy to the youth furthered the theory that the earlier photographs were merely a portion of an on-going course of conduct designed to take the relationship to a different level. Even after being charged with a crime for his behavior toward H.R.B., Mr. Watson continued to view the youth as a future sexual partner. The later incident confirmed his intentions. The trial court understandably found the behavior relevant under *Schimmelpfennig*.

The court very clearly expressed its ruling on the prejudice aspect of the evidence. It was prejudicial, but much less prejudicial than the two photographs of an erect penis that formed the basis for the charge.[4] The trial court understandably found that the incremental prejudice from admission of this incident did not justify excluding the evidence. Again, this was a very tenable conclusion.

Although the court did not perform an ideal ER 404(b) balancing on the record, it put enough reasoning on the record for this court (and the parties) to understand its reasoning. The court had tenable grounds for ruling as it did. There was no abuse of discretion.

---

[4] In what might be considered "before and after," one of the photographs also shows ejaculate.

No. 34091-1-III
*State v. Watson*

The judgment is affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Korsmo, J.

WE CONCUR:

_____
Fearing, C.J.

_____
Pennell, J.

12