IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 36116-1-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| TIMOTHY CHARLES MILLER, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, J. — Timothy Charles Miller appeals his conviction for communication with a minor for immoral purposes. Mr. Miller claims the evidence at trial was insufficient to justify his conviction. We disagree and affirm.

FACTS

The State charged Timothy Charles Miller with one count of communication with a minor, 11-year-old T.H., for immoral purposes. The case proceeded to trial. Construed in the light most favorable to the State,[1] the trial evidence was as follows:

---

[1] Because the only issue on appeal is the sufficiency of the State's evidence, the applicable standard mandates we review the evidence in the light most favorable to the State. *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992).

Mr. Miller was salvaging some copper wires when he encountered 11-year-old T.H. Mr. Miller asked T.H. if she wanted to help him and make some money. T.H. said no. Mr. Miller then asked T.H. if she had "ever played truth or dare." 1 Report of Proceedings (RP) (May 23, 2018) at 127. T.H. responded affirmatively. Mr. Miller then asked "'How dirty would you get?'" *Id*. At this point, Mr. Miller was rubbing T.H.'s back. Mr. Miller lowered his voice and asked T.H. "how nasty [she would] get with him." *Id*. at 128. Mr. Miller told T.H. to come over to his house the next day after she was out of school. Mr. Miller then gave T.H. some money and instructed her to not tell anyone about their conversation.

After parting company with Mr. Miller, T.H. began crying and shaking. While still highly emotional, T.H. reported what happened to a neighbor and to her parents. T.H. handed the money she received from Mr. Miller to the neighbor. T.H. told the neighbor she was scared and that Mr. Miller had told her he would hurt her if she told anyone about what happened.

At some point prior to the foregoing incident, Mr. Miller told the neighbor he thought T.H. "was hot and he would like to f*** her." 1 RP (May 22, 2018) at 82.

The jury found Mr. Miller guilty, and the trial court sentenced him to 53 months' confinement. Mr. Miller appeals his judgment and sentence.

ANALYSIS

Mr. Miller was charged with communicating with a minor for immoral purposes in violation of RCW 9.68A.090(2). To secure a conviction, the State was obliged to prove Mr. Miller "communicated with [T.H.] for immoral purposes of a sexual nature." Clerk's Papers at 164. Our case law holds that "immoral purposes" refers to sexual misconduct. *State v. Pietrzak*, 100 Wn. App. 291, 294-95, 997 P.2d 947 (2000). The immoral purposes statute "is designed to prohibit 'communication *with children* for the predatory purpose of promoting their exposure to and involvement in sexual misconduct.'" *State v. Hosier*, 157 Wn.2d 1, 9, 133 P.3d 936 (2006) (quoting *State v. McNallie*, 120 Wn.2d 925, 933, 846 P.2d 1358 (1993)).

Mr. Miller claims the State failed to prove his conversation with T.H. was sexual in nature. We disagree. Although Mr. Miller testified that his conversation with T.H. was innocent and that he was misunderstood, the jury was not required to accept Mr. Miller's version of events. A rational juror could find the combination of Mr. Miller's statements and actions was suggestive of intent to engage in sexual activity, not merely child's play. As a result, the State's evidence was sufficient and the judgment of conviction must stand. *State v. Green*, 94 Wn.2d 216, 221, 616 P.2d 628 (1980).

No. 36116-1-III
*State v. Miller*

## CONCLUSION

The judgment of conviction is affirmed. Per the State's agreement, costs shall not be imposed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____

Pennell, J.

WE CONCUR:

_____
Lawrence-Berrey, C.J.

_____
Siddoway, J.

4